[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13542
Non-Argument Calendar

_____

D. C. Docket No. 04-00339-CV-DF-5

PHILLIP BROWN,

Plaintiff-Appellant,

versus

PAT BROCK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 3, 2006)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Phillip Brown, proceeding pro se, appeals the district court's grant of

judgment on the pleadings in his action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). In granting judgment, the district court considered Brown's separate bankruptcy proceeding. Because the district court did not observe the procedural requirement giving Brown time to respond to documents outside of the pleadings, we VACATE the district court's order and REMAND for proceedings consistent with this opinion. Brown also accuses the district judge of bias and argues that the district judge should have recused himself. Finally, Brown requests that we review the district court's decision to award sanctions. Brown failed to file a notice of appeal with regard to the sanctions awarded and failed to demonstrate that the district court erred in not recusing himself, so we DISMISS these aspects of his appeal.

## I.  BACKGROUND

Brown sued defendant-appellee Brock in federal court alleging race discrimination following his discharge from the Dollar General Store in Byron, Georgia. Brock filed a motion to dismiss the complaint under Federal Rule of Procedure 12(c), arguing that Brown should be judicially estopped for perpetuating a fraud on the court, and attached a copy of Brown's bankruptcy petition, which showed that Brown failed to disclose his interest in these Title VII

2

proceedings against Brock. Brown argues that the district court improperly applied the doctrine of judicial estoppel because he did not intend to conceal the fact of his employment discrimination lawsuit in his bankruptcy petition. Brown also contends that the district court judge should have recused himself from the case because the judge had a personal interest in the outcome of the case and one of the judge's former law clerks represented the defendant. Finally, Brown argues that the district court erred by imposing sanctions against him. We discuss these three issues in turn.

## II. DISCUSSION

### A. Judicial Estoppel

The district court granted Brock's motion for judgment on the pleadings. However, the court considered a document appended to Brock's motion. Before proceeding to the merits of the claim for judicial estoppel, we must determine whether the court followed the proper procedure for granting judgment on the pleadings.

We review a judgment on the pleadings de novo. Ortega v. Christian, 85 F.3d 1521, 1524–25 (11th Cir. 1996). Judgment on the pleadings is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a

matter of law." Id. at 1524 (citing Fed. R. Civ. P. 12(c)). When reviewing a judgment on the pleadings, we will accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Id. "[J]udgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (per curiam). The only relevant "pleadings" in this case include the complaint and the answer. See Fed. R. Civ. P. 7(a).

If a document outside the pleadings is considered, Rule 12(c) contains a conversion provision, which states that if, on a motion to dismiss,

> matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). Under Federal Rule of Civil Procedure 56, which governs summary judgment, the district court must give the nonmoving party ten days "to supplement the record" prior to issuing a ruling. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). The district court did not give Brown the opportunity to supplement the record in this case.

We have "consistently enforced the strict notice requirements," thereby

4

"creating a bright-line rule: If a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may provide the non-moving party with adequate notice." Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990) (emphasis in original). We consider sua sponte whether the district complied with the "bright-line" rule regarding notice of conversion. See Griffith v. Wainwright, 772 F.2d 822, 824 (11th Cir. 1985) (per curiam) (noting "sua sponte that the court below failed to adhere to the dictates of Fed. R. Civ. P. 56(c)").

There are three exceptions to the conversion and notice rules. First, judicially noticed facts will not give rise to conversion. Bankers Ins. Co., 137 F.3d at 1295. Second, a document outside the pleadings may be considered if it is essential to the plaintiff's claim and not in dispute. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (referring to the incorporation by reference doctrine). Third, conversion, even without notice, will be deemed harmless if the record shows the parties understood conversion would take place and submitted all the documents they would have even with sufficient notice. Denis v. Liberty Mut. Ins. Co., 791 F.2d 846, 850 (11th Cir. 1986).

Here, the defendant moved for judgment on the pleadings but attached a document outside the pleadings—Brown's bankruptcy petition—in support

5

thereof. Brock argued that the bankruptcy petition should be judicially noticed by the district court, citing United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). Rey, however, concerns facts that this circuit court will notice in the record on appeal and is, therefore, inapplicable to facts that a district court may take judicial notice of for purposes of ruling on a motion to dismiss. For the reasons stated in the next paragraph, we conclude that the district court cannot take judicial notice of the bankruptcy petition that was attached by the Rule 12(c) movant.

None of the exceptions to the conversion and notice rules apply in this case. With regard to the first exception, we have observed that courts may not take judicial notice of documents in separate judicial proceedings. Concordia v. Bendekovic, 693 F.2d 1073, 1076 (11th Cir. 1982) ("As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence."). Likewise, the second exception does not apply because the bankruptcy proceeding is not necessary to Brown's Title VII claim. Finally, we cannot conclude that denying Brown the opportunity to supplement the record was harmless, and we consistently have required that district courts "be particularly careful to ensure proper notice to a pro se litigant." Herron v. Beck, 693 F.2d 125,

6

127 (11th Cir. 1982).

The district court in this case granted Brock's motion for judgment on the pleadings, but it considered Brown's bankruptcy petition, which we have concluded may not be judicially noticed. Because the court did not provide notice to Brown that Brock's motion was converted to a motion for summary judgment and because the court did not provide Brown with ten days in which to supplement the record, the district court's decision to dismiss Brown's suit must be vacated. For this reason, we do not reach the merits of the court's decision regarding judicial estoppel.

B. Recusal

Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. See Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983). Ordinarily, we review a district judge's decision not to recuse himself for an abuse of discretion. See United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam). However, because Brown failed to invoke the recusal statutes, we review his recusal request for plain error. See Hamm, 708 F.2d at 651 ("The plaintiff . . . invoked neither [recusal] statute in the district court so . . . the plain error standard of review applies."). Plain error exists when there is (1) error that is (2) plain,

which (3) affects a defendant's substantial rights and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (citation and quotation marks omitted). "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001).

Under 28 U.S.C. § 144, a party can file a "timely and sufficient affidavit" complaining of a trial judge's personal bias. Because Brown did not file an affidavit with the trial court, § 144 is inapplicable to this appeal.

Under 28 U.S.C. § 455, a judge should recuse if "his impartiality might be reasonably questioned" or in five other specific circumstances. For recusal to occur under § 455(a), we must determine whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003). To disqualify a judge under § 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" Bailey, 175 F.3d at 968.

Brown argues that having a former law clerk practice before a judge

8

jeopardizes the perception that the judge is impartial. However, an ethical danger exists only if the law clerk knows the judge's thoughts about a specific matter and the law clerk subsequently represents one of the parties to the matter before the judge. See Fredonia Broadcasting Corp. v. RCA Corp., 569 F.2d 251, 256 (5th Cir. 1978) ("The impartiality of a trial judge is seriously open to question when the judge refuses to recuse himself after being made aware that his former law clerk is actively involved as counsel for a party in a case in which the law clerk participated during his clerkship."). This does not amount to a proscription on former law clerks practicing in front of their judges. Id. ("We are not holding that a former law clerk may never practice before the judge for whom he clerked."). The attorney in question clerked for the judge twelve years ago, and there is no evidence in the record that this former law clerk breached the ethical concern of having worked on this case while a law clerk.

Section 455(b) requires disqualification under specific circumstances, including having personal bias against a party or personal knowledge of disputed facts, expressing an opinion about the case, holding a financial interest in the controversy, or having a spouse or relative involved with one of the parties. Disqualification under § 455(b) is mandatory because "the potential for conflicts of interest are readily apparent." Patti, 337 F.3d at 1321. (citation and internal

9

quotation marks omitted). Brown may have arguably asserted bias under § 455(b)(1) for personal animus or prejudice, however, he has presented no facts in support of such bias. In addition, although Brown accused the judge of having some personal and pecuniary interest in the case, he never presented any evidence to support such claim. Brown's allegations of bias are not related to the remaining factors listed in § 455(b). Because the factual predicates for recusal under § 455(b) are not present, there was no error in not recusing.

Because there was no error in the district judge's decision to preside over the case and, therefore, no plain error in failing to disqualify himself, we dismiss Brown's appeal with regard to the district judge's decision not to recuse.


C. Notice of Appeal

Civil litigants who appeal a judgment of a district court as of right must file a notice of appeal within thirty days after the date that the district court entered its order. Fed. R. App. P. 4(a)(1)(A). As the United States Supreme Court has explained, filing a timely notice of appeal is "mandatory and jurisdictional;" without it, a Court of Appeals is "without jurisdiction to review the decision on the merits." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203, 108 S. Ct. 1717, 1722 (1988).

A notice of appeal requires that the notice "designate the judgment, order, or part thereof appealed from." Fed. R. App. P. 3(c)(B). In <u>McDougald v. Jenson</u>, 786 F.2d 1465, 1474 (11th Cir.1986), we held that a litigant who filed a notice of appeal prior to the entry of the relevant order without referring to that order had failed to comply with the rules of appellate procedure. We further held that, because the litigant had failed to file a notice of appeal referring to a subsequent order of the district court, the Court of Appeals was without jurisdiction to hear the appeal of the subsequent order on the merits. <u>Id.</u>

Brown's notice of appeal did not identify the order for sanctions because that order came over a month after Brown filed his notice of appeal, and he failed to amend or file a second notice of appeal subsequent to the district court's order for sanctions. Thus, the 24 June notice of appeal was insufficient to designate, for consideration on appeal, the subsequently entered Rule 11 order, and, therefore, we do not have jurisdiction to review the sanctions. Accordingly, we dismiss Brown's appeal in this respect for lack of jurisdiction.

## III. CONCLUSION

Brown appealed the district court's grant of judgment on the pleadings and requested review of the district court's decision to award sanctions. In granting

11

judgment the district court considered Brown's separate bankruptcy proceeding, but, because the district court did not observe the requirement of giving Brown time to respond to documents outside of the pleadings, judgment was improvidently granted and must be **VACATED**.  Brown's appeal seeking recusal does not warrant relief and is **DISMISSED**.  Likewise, Brown failed to file a notice of appeal with regard to the sanctions awarded, which means we do not have jurisdiction to consider that aspect of his appeal.  His appeal of sanctions awarded is **DISMISSED**.  We remand for proceedings consistent with this opinion.