[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13158
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-00771-JOF

LAURA J. JONES,

Plaintiff-Appellant,

CHARLES L. SMITH,
Charles L. Smith as Trustee in Bankruptcy
for the Estate of Laura Jones,

Plaintiff,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 14, 2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

## I. FACTS

This is a Federal Tort Claims Act (FTCA) case. *See* 28 U.S.C. §§ 2671–2680. The facts relevant to this appeal are undisputed. In the 1980s, Jones lived at Camp Lejeune in North Carolina. She contends that the drinking water at Camp Lejeune was contaminated and that she developed cancer because of it. In 2007, Jones filed an administrative claim with the United States Navy under the FTCA. She claimed $10 million in damages. At that time, her attorney stressed that toxic tort cases are difficult to win, especially against the Government, but that he would try his best. In 2008, Jones filed a Chapter 13 bankruptcy proceeding. In her bankruptcy schedules, she did not disclose her administrative claim for $10 million, though she did list a pending social security claim. The parties agree that Jones should have disclosed her administrative claim.

In 2009, Jones brought this FTCA lawsuit against the Government, again claiming $10 million in damages. Jones's FTCA case was consolidated in a multidistrict litigation case and transferred to the Northern District of Georgia. The parties agree that Jones should have updated her bankruptcy schedules to include her FTCA suit but that she did not. In 2010, Jones converted her Chapter 13 case to a Chapter 7. The bankruptcy court granted a no-asset discharge and closed Jones's bankruptcy case. Debts of about $53,000 remained unpaid.

Meanwhile, in this FTCA case, the Government sought discovery from Jones. It asked her to disclose all previous legal proceedings to which she was a party. She omitted her bankruptcy proceedings, but did list litigation involving the estate of a deceased relative. The Government later learned of Jones's bankruptcy from her medical records. In her March 2011 deposition, Jones admitted that she had not disclosed this lawsuit to the bankruptcy court. She testified that she omitted her FTCA suit because she believed it was too speculative to warrant inclusion.

Almost immediately, Jones sought to reopen her bankruptcy case to add her FTCA claim. The bankruptcy court granted that motion and reappointed the Trustee. Two days later, the Government filed a motion for summary judgment in this FTCA case based on judicial estoppel. While that motion was pending, the Trustee moved to substitute as plaintiff in this case. Without discussing the motion to substitute, the district court granted the Government's motion for summary judgment. It concluded that, under this circuit's precedent and the circumstances of this case, Jones was judicially estopped from prosecuting her FTCA toxic tort suit. The court denied the Trustee's motion as moot.

Jones filed a timely appeal. The Trustee did not appeal.

## II.  STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo.  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002).  The parties agree that we review the district court's application of judicial estoppel for abuse of discretion.  (Appellant's Br. at 12; Appellee's Br. at 3.)  Under the abuse of discretion standard, we will reverse only if "we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (citation omitted).

## III.  DISCUSSION

Jones contends that the district court erred in applying judicial estoppel to her FTCA suit.  We find no reversible error and affirm the judgment of the district court.

The parties do not dispute that Jones had a duty to disclose her FTCA suit to the bankruptcy court.  In *Burnes v. Pemco Aeroplex, Inc.*, we explained the importance of a debtor's full disclosure in bankruptcy proceedings.  We said:

> A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court.  The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system.  For example, creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge.  Bankruptcy courts also rely on the accuracy of the disclosure

4

> statements when considering whether to approve a no asset discharge. Accordingly, the importance of full and honest disclosure cannot be overstated.

*Burnes*, 291 F.3d at 1286 (internal citations and quotation marks omitted). It is undisputed that Jones failed to disclose her FTCA claim for $10 million to the bankruptcy court. It is also undisputed that Jones deliberately omitted her FTCA claim from her bankruptcy schedules at least twice: (1) when she filed her Chapter 13 case, and (2) when she converted her case to a Chapter 7.

Judicial estoppel protects the integrity of the judicial system by barring litigants from deliberately taking inconsistent positions based on the "exigencies of the moment." *See id.* at 1285 (citation omitted). We have, on several occasions, applied judicial estoppel to claims by plaintiffs who failed to disclose their claims in a prior bankruptcy case. *See, e.g.*, *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289 (11th Cir. 2003); *Burnes*, 291 F.3d at 1287–88. This circuit applies a two part test for judicial estoppel. We ask: (1) has the party previously adopted an inconsistent position under oath in a judicial proceeding, and (2) did the party intend to "make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285 (quotation omitted). These two factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of

the circumstances of a particular case when considering the applicability of this doctrine." *Id.* at 1286.

It is undisputed that Jones previously adopted an inconsistent position under oath by failing to disclose her FTCA claim in her bankruptcy schedules. Only the intent prong is at issue. "For purposes of judicial estoppel, intent is a purposeful contradiction—not simple error or inadvertence. [A plaintiff's intent] can be inferred from the record, where the [plaintiff] has knowledge of the undisclosed claims and has motive for concealment." *Barger*, 348 F.3d at 1294 (internal quotation marks and citation omitted); *see Robinson*, 595 F.3d at 1275.

It is undisputed that Jones knew about her FTCA claim during her bankruptcy. (*See* Appellant Br. at 28.) The district court also concluded that Jones had a motive to conceal her FTCA claim. Jones contends that this conclusion about her motive was error. First, she contends that the district court failed to give "due consideration to all of the circumstances of [this] case." *Burnes*, 291 F.3d at 1286. In particular, she says that toxic tort claims are difficult to prove and, therefore, should be viewed differently from other types of claims. Second, Jones contends that she believed in good faith that her toxic tort claim had no value, and that the district court ignored evidence of her good faith belief.

Jones has not shown that the district court abused its discretion. The court considered Jones's argument about the speculative nature of her claim. It concluded that bankruptcy proceedings warrant full disclosure of claims, even highly speculative ones . (Dkt. 75 at 9.) The district court also noted Jones's contention that she had no motive to conceal her FTCA claim because she had a good faith belief that it had no value. (*Id.* at 3, 8, 9 n.1.) The court simply disagreed with Jones's contention. The court pointed out that disclosure of her FTCA suit would likely have altered the outcome of Jones's bankruptcy case by precluding a no-asset discharge. It also pointed out Jones's failure to disclose her bankruptcy proceedings to the Government during discovery in this suit. On appeal, we will not reweigh the equities de novo. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10, 100 S. Ct. 1460, 1466 (1980).

We do not conclude that the district court improperly weighed the equities. It is undisputed that Jones is seeking $10 million in damages in this case and that she is actively prosecuting it. It is also undisputed that Jones did not disclose her FTCA claim to the bankruptcy court. Most litigation is somewhat speculative. Jones's case may be difficult to prove, but if she did not believe she had at least some chance at recovering $10 million, she would not be actively prosecuting it. We see no reason to view her toxic tort claim differently from other types of claims in this context.

7

Additionally, the district court did not err in inferring Jones's motive to conceal from the undisputed facts in this case. In *Burnes*, the plaintiff sued his employer for discrimination. 291 F.3d at 1284. Previously, he had filed a Chapter 13 bankruptcy which remained pending at the time he sued for discrimination. The plaintiff failed to update his bankruptcy schedules to include his discrimination lawsuit. Later, the plaintiff converted his Chapter 13 case to a Chapter 7 liquidation. Again, he did not disclose his discrimination lawsuit. The bankruptcy court approved the conversion and granted a no-asset discharge. When the plaintiff's employer discovered the omission, it moved to dismiss the plaintiff's discrimination suit as barred by judicial estoppel. *Burnes*, 291 F.3d at 1284. The district court granted that motion, and we affirmed. *Id.* at 1288. We said that, given the undisputed facts, "the district court correctly concluded that [the plaintiff] possessed the requisite intent to mislead the bankruptcy court and correctly [applied judicial estoppel]." *Id.* We noted that the plaintiff had a clear motive to conceal his claim. If the plaintiff had properly disclosed it, that disclosure would probably have prevented him from obtaining a no-asset discharge. *Id.* Additionally, we said the plaintiff's attempt to reopen his bankruptcy case to add his undisclosed discrimination claim was an implicit admission that properly disclosing his claim would have altered the outcome of his bankruptcy case. *Id.*

In this case, the district court reached the same conclusion on essentially the same facts. (Dkt. 75 at 9.) Jones knew of her administrative claim when she first filed her Chapter 13 proceeding. When she converted her Chapter 13 case to a Chapter 7 case, she knew she had filed this FTCA suit requesting $10 million in damages. But she again failed to disclose that fact to the bankruptcy court. In this case, the Government asked Jones to disclose all legal proceedings to which she had been a party. But she did not disclose her bankruptcy proceedings. (Dkt. 75 at 8.) Finally, after the Government learned of Jones's omission, Jones sought, like the plaintiff in *Burnes*, to reopen her bankruptcy case. Based on *Burnes*, we cannot say the district court abused its discretion in concluding that Jones had a motive to conceal her FTCA claim. Thus, Jones omission was not inadvertent, and the district court did not err in inferring Jones's intent to make a mockery of the judicial system.[1]

Jones also contends that the district court erred in denying the Trustee's motion to substitute as the plaintiff in this case. The Government counters that Jones has no standing to challenge this order. We agree with the Government.

---

[1] In the alternative, Jones claims that the court in *Burnes* wrongly decided that intent can be inferred from the record and, therefore, *Burnes* should be overruled. Jones acknowledges that this circuit's prior panel rule forecloses this argument. *See, e.g.*, *Glazner v. Glazner*, 347 F.3d 1212, 1214 (11th Cir. 2003) (en banc). She raises it only to preserve it for future proceedings.

Jones contends that the district court should have ruled on the Trustee's motion to substitute before granting the Government's motion for summary judgment. She points out that, under this circuit's binding precedent, the Trustee is not subject to the Government's defense of judicial estoppel. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). But, the Trustee did not appeal the district court's denial of his motion to substitute, apparently deciding not to pursue this claim. Jones lacks standing to challenge that denial.

Jones contends she has standing because she is a party "aggrieved by" the district court's final judgment, which includes the court's denial of the Trustee's motion to substitute. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1354 (11th Cir. 2003) (citation omitted). But, a losing party does not necessarily have standing to appeal every order of the district court. *Id.* ("[I]t is entirely possible that named defendants in a trial proceeding, who would doubtless have appellate standing for the purposes of challenging some final rulings by the trial court, could lack standing to appeal other trial court rulings that do not affect their interests."); *see Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (11th Cir. 1981). Here, Jones is not a party aggrieved by the district court's denial of the Trustee's motion to substitute. Jones is judicially estopped from recovering any damages; only the Trustee would have had a claim for damages had the prosecution of this case continued. Jones cannot put

10

herself in the position of the innocent Trustee. And judicial estoppel can bar a debtor's recovery on a claim without barring the Trustee's recovery on that claim. *See Parker*, 365 F.3d at 1273 n.4 (suggesting this result); *Reed v. City of Arlington*, 650 F.3d 571, 579 (5th Cir. 2011) (en banc) (same). Because Jones is judicially estopped from recovering on her FTCA claim, she has no interest in having the Trustee substituted as the plaintiff in this case. Thus, she lacks standing to challenge the denial of the motion to substitute.

## IV. CONCLUSION

The district court did not abuse its discretion in applying judicial estoppel to Jones's FTCA claim. Jones lacks standing to challenge the district court's denial of the Trustee's motion to substitute.

AFFIRMED.