Keith **TAYLOR**, Plaintiff,

v.

**NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.**

**CASE NO.: 06-61337-CIV-COHN/SELTZER**

United States District Court, S.D. Florida.

June 27, 2013

Howard Kelly Coates, Jr., McDonald Hopkins, 505 S. Flagler Drive, Suite 300, West Palm Beach, FL, John K. Courtney, Giradi & Keese, 1126 Wilshire Blvd., Los Angeles, CA, John J. Vecchione, Valad & Vecchione PLLC, 3863 Plaza Drive, Fairfax, VA, Ramon Alvaro Rasco, Steven Craig Marks, Podhurst Orseck Josefsberg et al, City National Bank Building, 25 W Flagler Street, Suite 800, Miami, FL, for Plaintiff.

Bruce J. Berger, Frank Leone, Heather Ann Pigman, Jacqueline J. Chan, Matthew J. Malinowski, Hollingsworth, LLP, 1350 I Street, NW, Washington, DC, William H. Hughes, III, Michael John Thomas, Pennington Moore Wilkinson Bell & Dunbar, 215 S Monroe Street, 2nd Floor Po Box

10095, Tallahassee, FL, Susan K. Spurgeon, Pennington Moore Wilkinson Bell & Dunbar PA, 2701 N Rocky Point Drive, Suite 900, Tampa, FL, for Defendant.

### *ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

JAMES I. COHN, United States District Judge.

**THIS CAUSE** is before the Court upon Defendant Novartis Pharmaceuticals Corporation's Motion and Memorandum of Law for Judgment on the Pleadings Based on Judicial Estoppel [DE 67] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 79] ("Response"), Defendant's Reply [DE 80] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Keith Taylor ("Plaintiff") originally filed a complaint in this Court against Defendant Novartis Pharmaceuticals Corporation ("Defendant") on September 1, 2006. Complaint [DE 1]. The Judicial Panel on Multidistrict Litigation ("JPML") subsequently removed the case to the Middle District of Tennessee for consolidated pretrial proceedings with similar actions brought against Defendant by other plaintiffs. *See* Conditional Transfer Order [DE 9, 10]. On September 5, 2012, the JPML signed a conditional remand order which remanded this case to this Court. Conditional Remand Order [DE 11].

On April 15, 2013, Defendant filed the instant Motion which seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The basis of the Motion is that Plaintiff filed for Chapter 7 bankruptcy in 2010, after the filing of this lawsuit, but failed to disclose the lawsuit in his sworn filings before the bankruptcy court. Motion at 2. Defendant contends that under Eleventh Circuit precedent, Plaintiff is judicially estopped from pursuing his claim in this case due to his failure to disclose it to the bankruptcy court. *Id.* Defendant seeks dismissal of Plaintiff's claims with prejudice. *Id.* at 3. Plaintiff opposes the Motion, arguing that Defendant has misapplied the doctrine of judicial estoppel, the Motion is untimely, and Defendant lacks standing to raise the judicial estoppel argument. *See generally* Response.

Upon initial review of the parties' submissions, the Court found that it could not grant Defendant the relief sought pursuant to Rule 12(c). In support of the Motion, Defendant attached documents from Plaintiff's bankruptcy case and argued that the Court could take judicial notice of the bankruptcy pleadings. See Motion at 3 n.1. As the Court noted, this argument was previously rejected by the Eleventh Circuit in a factually analogous case. In *Brown v. Brock,* the Eleventh Circuit held that "the district court cannot take judicial notice of the bankruptcy petition that was attached by the Rule 12(c) movant." 169 Fed.Appx. 579, 582 (11th Cir.2006). The Eleventh Circuit, thus, vacated the district court's grant of the Rule 12(c) motion because the court had considered the bankruptcy petition. *Id.* Because the Court found that consideration of documents outside the pleadings was necessary to resolve the Motion, the Court converted the Motion into a motion for summary judgment pursuant to Rule 12(d) and gave the parties time to supplement the record. *See* DE 83. Thus, the Court will treat the Motion as a motion for summary judgment.[1]

---

**1.** Plaintiff argues that the Motion should be rejected as untimely because it was filed after

The undisputed record before the Court reflects that as part of his bankruptcy proceeding, Plaintiff submitted a Declaration Under Penalty of Perjury to Accompany Petitions, Schedules and Statements Filed Electronically ("Taylor Decl.") which failed to disclose his lawsuit against Defendant. Taylor Decl. [DE 67–2] at 2; Voluntary Petition [DE 67–3] at 7. The Statement of Financial Affairs in Plaintiff's Voluntary Petition specifically required that Plaintiff disclose "all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of his bankruptcy case." Voluntary Petition at 32. Even though the instant case had been pending since September 1, 2006, Plaintiff failed to disclose it as required. *See id.* On July 30, 2010, the Bankruptcy Court entered an order discharging Plaintiff's debts. Discharge of Debtor [DE 67–4]. On August 2, 2010, the Bankruptcy Court entered a final decree closing the case. Final Decree [DE 67–5].

## II. DISCUSSION

### A. *Legal Standard.*

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence ad-

the dispositive motion deadline. Response at 5. However, this Court never set a dispositive motion deadline. Instead, this case was remanded to this Court with a fully briefed, but unresolved motion for summary judgment. Although no federal litigant has an absolute right to bring multiple motions for summary judgment, a successive Rule 56 motion may be filed with the district court's authorization. *See, e.g., Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir.1990) ("Two

motions for summary judgment may be ruled upon in the same case, particularly when ... the district judge allows a second summary judgment motion."). Here, by converting Defendant's Rule 12(c) motion into a motion for summary judgment, this Court has consented to resolving the successive motion for summary judgment on the merits given the importance of the issue—Plaintiff's fraud on the bankruptcy court—raised in the Motion.

vanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

### B. Whether Plaintiff is Judicially Estopped from Pursuing His Claims.

In the Motion, Defendant contends that while preparing for trial and a *Daubert* hearing, it discovered that Plaintiff had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida, case no. 10–18235–JKO, on March 30, 2010. Motion at 3. Defendant argues that under Eleventh Circuit precedent, Plaintiff is judicially estopped from pursuing his claims against it due to his failure to disclose this case to the Bankruptcy Court. *Id.* at 6. Defendant also asserts that its Motion may be treated as a challenge to Plaintiff's standing. *Id.* at 3 n.1. Plaintiff opposes the Motion, arguing that judicial estoppel is inappropriate in this case because his failure to disclose his claim in the Chapter 7 bankruptcy "was unintentional and inadvertent." Response at 8. Plaintiff also contends that any challenge to his standing is untimely because it is brought a year after Defendant first learned about the bankruptcy and Plaintiff still has an interest in prosecuting his claims. *Id.* at 10.

 "The purpose of judicial estoppel is 'to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment.'" *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir.2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Factors to consider when determining whether judicial estoppel applies include "(1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in

persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead and; (3) whether the party advancing the inconsistent position would derive an unfair advantage." *Id.* at 1273 (citing *New Hampshire*, 532 U.S. at 750–51, 121 S.Ct. 1808). Under Eleventh Circuit precedent, judicial estoppel may apply where "the allegedly inconsistent positions were made under oath in a prior proceeding" and "such inconsistencies [are] shown to have been calculated to make a mockery of the judicial system." *Id.* (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002) (internal quotation marks omitted)).

 Full and honest disclosures in bankruptcy proceedings are "crucial to the systems's effective functioning." *Id.* at 1274 (citation and internal quotation marks omitted). Furthermore, a debtor has a statutory duty to disclose all assets or potential assets to the bankruptcy court. *Id.* (citing 11 U.S.C. §§ 521(1), 541(a)(7)). A pending lawsuit seeking monetary compensation qualifies as an asset. *Id.* (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir.2004)). Where a debtor/plaintiff represents to the bankruptcy court under oath that he has no pending claims while simultaneously pursuing a claim against a defendant in the district court, the debtor/plaintiff has taken inconsistent positions. *Id.* at 1275.

 To determine a party's intent in taking the inconsistent positions, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* (quoting *Barger v. City of Cartersville*, 348 F.3d 1289, 1295–96 (11th Cir.2003)). Whether a party's contradiction is intentional "may be inferred from the record." *Id.* (citing

*Burnes,* 291 F.3d at 1285). "[T]he relevant inquiry is intent at the time of non-disclosure." *Id.* at 1276 (citing *Casanova v. Pre Solutions, Inc.,* 228 Fed.Appx. 837, 841 (11th Cir.2007)).

■ Here, the record before the Court is undisputed that Plaintiff took inconsistent positions in this case and his bankruptcy case. When he filed for bankruptcy in March 2010, this case had been pending for three and a half years. Yet, inexplicably, Plaintiff failed to disclose his pending claim to the bankruptcy court as required on the Statement of Financial Affairs. Thus, Plaintiff took inconsistent positions. Plaintiff disputes, however, that the non-disclosure was intentional, arguing that his failure to disclose this case to the Bankruptcy Court was "unintentional and inadvertent." Response at 8. The only evidence Plaintiff points to that the non-disclosure was inadvertent is his testimony from his March 22, 2012 deposition in this case where he disclosed the bankruptcy in response to questioning from Defendant's counsel. *See* Excepts of the Deposition of Keith Taylor [DE 79–1]. The mere fact that Plaintiff discussed his bankruptcy in this case, nearly two years after his discharge was entered, does not establish that his failure to disclose the bankruptcy back in 2010 was inadvertent. As the Eleventh Circuit has held, "the relevant inquiry is intent at the time of non-disclosure." *Robinson,* 595 F.3d at 1276 (citing *Casanova,* 228 Fed.Appx. at 841).

At the time he failed to disclose this case to the Bankruptcy Court, Plaintiff unquestionably had knowledge of his pending claim. Indeed, he managed to disclose a pending claim filed against him by Discovery Bank. *See* Voluntary Petition at 32.

Moreover, the record unequivocally establishes that Plaintiff had a motive to conceal this lawsuit from the Bankruptcy Court: namely to obtain a discharge of nearly $200,000 in debt while any funds he later recovered in this case would be his own. *See* Reply at 3. As this Court held in *Alvarez v. Royal Atlantic Developers, Inc.,* 854 F.Supp.2d 1219 (S.D.Fla.2011), a clear motive for concealing a lawsuit from the bankruptcy court exists where, as here, the debtor received a "no asset" discharge. *Id.* at 1227; *see also Barger,* 348 F.3d at 1294 ("The debtor implicitly acknowledged 'that disclosing this information would have likely changed the result of his bankruptcy because he now seeks to re-open his bankruptcy to include the undisclosed claims.' ").[2] Here, as in *Alvarez,* it is unlikely that Plaintiff "would have received the same discharge had [ ]he disclosed this pending lawsuit." 854 F.Supp.2d at 1227; *see also Robinson,* 595 F.3d at 1275 (holding that district court's finding that plaintiff "had a motive to conceal her claim because if 'she realized any proceeds from the suit prior to the discharge of her bankruptcy ... she could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts' " was not clearly erroneous). Because he had a motive to conceal this case from the Bankruptcy Court to obtain a better discharge, Plaintiff has made a mockery of the judicial system. Accordingly, the Court will grant Defendant's Motion based upon judicial estoppel.

### C. Whether Plaintiff has Standing to Pursue this Action.

Defendant also argues that Plaintiff no longer has standing to pursue this action.

---

**2.** Similarly, here, counsel for Plaintiff represents that he has contacted Plaintiff's Chapter 7 Bankruptcy Trustee Sonya Salkin to alert her of this previously undisclosed case. *See* Plaintiff's Notice of Supplemental Authority in Support of His Response Memorandum in Opposition to Novartis Pharmaceutical Corporation's Motion and Memorandum of Law for Judgment on the Pleadings Based on Judicial Estoppel [DE 84] ("Notice") at 3.

*See* Motion at 3 n.1; Reply at 7–8. In the event that the Court finds that Plaintiff lacks standing, Plaintiff requests that the Court allow the bankruptcy trustee to continue the claim on behalf of Plaintiff and Plaintiff's creditors. Response at 11. After this Court entered the order converting the Motion into a motion for summary judgment, Plaintiff's counsel further advised that he had notified the Chapter 7 trustee regarding this case and she intends to reopen the bankruptcy case. Notice at 3.

■■■■■ "[A] pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker*, 365 F.3d at 1272 (citing *Barger*, 348 F.3d at 1292). Plaintiff, therefore, lacks standing to pursue this case.[3] The Court disagrees with Plaintiff, however, that the Court should substitute the bankruptcy trustee as the real party in interest in this case. *See* Notice at 3. The trustee has not moved to intervene in this action. Thus, any claims of the bankruptcy trustee are not currently before the Court and need not be addressed.[4]

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defen-

dant Novartis Pharmaceuticals Corporation's Motion and Memorandum of Law for Judgment on the Pleadings Based on Judicial Estoppel [DE 67], converted by this Court into a motion for summary judgment, is **GRANTED**. The Court will enter a separate judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 27th day of June, 2013.

---

3. Because Plaintiff lacks standing, any argument Plaintiff makes that Defendant's Motion is untimely is unfounded. As Defendant points out, the issue of standing may be raised at any time, even after entry of judgment. *See* Reply at 8 (citing *Alvarez*, 854 F.Supp.2d at 1226). In *Alvarez*, this Court vacated a previously entered judgment based upon both lack of standing and judicial estoppel. 854 F.Supp.2d at 1228.

4. Indeed, in *Jones v. United States*, 467 Fed. Appx. 815 (11th Cir.2012), the Eleventh Circuit affirmed a district court's grant of summary judgment based on judicial estoppel. *Id.* at 819. In that case, after the motion for

summary judgment was filed, the trustee moved to substitute as a plaintiff in the case. *Id.* at 816. The district court granted the motion for summary judgment based on judicial estoppel and denied the trustee's motion to intervene as moot. *Id.* On appeal, the Eleventh Circuit held that "[b]ecause [the plaintiff] Jones is judicially estopped from recovering on her FTCA claim, she has no interest in having the Trustee substituted as the plaintiff in this case." *Id.* at 819. Similarly, here Plaintiff has no interest in requesting that the Court permit the trustee to be substituted as the plaintiff in this matter.