[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 15, 2004
THOMAS K. KAHN
CLERK

No. 02-16185

_____

D. C. Docket No. 99-00038-CV-N-S

VICKI PARKER,

Plaintiff,

THOMAS E. REYNOLDS,

Intervenor-Plaintiff-
Appellant,

versus

WENDY'S INTERNATIONAL, INC.,
WEN-ALABAMA, Wen-Alabama, Inc.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 15, 2004)**

Before TJOFLAT, BIRCH and GOODWIN[*], Circuit Judges.

BIRCH, Circuit Judge:

The opinion issued in this case on March 31, 2004 is hereby vacated, the following opinion is entered in lieu thereof.

Bankruptcy trustee Thomas E. Reynolds, plaintiff-intervenor in this employment discrimination action filed by Vicki Parker against Wendy's International, Inc., and Wen-Alabama, Inc. (hereinafter collectively referred to as "Wendy's"), appeals the district court's finding that judicial estoppel bars Reynolds from pursuing Parker's claim on behalf of Parker's creditors in bankruptcy. The district court applied our holding in Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002), and found that judicial estoppel was proper because Parker failed to disclose the existence of her discrimination claims when she filed for Chapter 7 bankruptcy. However, because the party pursuing this case against Wendy's is not Parker, but is instead the bankruptcy trustee—who did not make any inconsistent statements to the courts—we hold that judicial estoppel does not apply. Accordingly, we REVERSE the decision of the district court.

---

[*] Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

# I. BACKGROUND

In January 1999, Parker filed a complaint, as amended, against Wendy's, alleging racial discrimination in the workplace and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Wendy's denied the allegations contained in the complaint, and the case was set for trial. On 9 February 2001, Parker and her former husband filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern Division of Alabama. The schedules in the bankruptcy case did not list Parker's claim against Wendy's as a potential asset. On 31 May 2001, the bankruptcy court entered an order granting a "no asset" discharge for Parker and her former husband.

Thereafter, Parker's attorney in this case requested a trial continuance, contending that Parker had inadvertently failed to disclose the existence of her discrimination case to the trustee of her bankruptcy estate, Reynolds, who needed to be advised of the discrimination action in order to reopen the bankruptcy case. The court granted this motion. Reynolds moved to intervene in this case or, alternatively, for substitution as the real party in interest. Reynolds informed the district court that Parker had filed for relief under Chapter 7 on or about 9 February 2001, and had failed to disclose the existence of the discrimination claims.

Reynolds stated that, after Parker's attorneys informed him that the discrimination case existed, he investigated and then moved to reopen the bankruptcy case to allow for further administration of the bankruptcy assets. The bankruptcy court granted his motion to reopen, and the district court granted Reynolds's motion to intervene.

Wendy's then moved to dismiss Parker's discrimination claims. Wendy's argued that, under our reasoning in Burnes, Parker's claims for monetary damages were barred by the doctrine of judicial estoppel because she failed to disclose the existence of her discrimination suit to the bankruptcy court. Wendy's contended that Parker had knowledge of her discrimination claims prior to, and during, the bankruptcy proceedings and that she would not have been entitled to a "no asset" complete discharge of all debts had her creditors, Reynolds, or the bankruptcy court known of a lawsuit claiming substantial damages. According to Wendy's, the fact that the bankruptcy court reopened Parker's proceedings was relevant only as an acknowledgment that Parker's failure to disclose resulted in a tangible benefit to Parker in the bankruptcy proceeding.

The district court granted Wendy's motion to dismiss, construed as a motion for judgment on the pleadings. The district court found that "this case [wa]s factually and procedurally indistinguishable" from Burnes because Parker had

4

failed to disclose the existence of her discrimination claim when she filed for Chapter 7 bankruptcy and the bankruptcy proceeding resulted in the discharge of her debts. R1-30 at 2. As a result, the district court held that Parker was judicially estopped from bringing her discrimination claim and dismissed her complaint with prejudice.

Reynolds then moved for reconsideration, arguing that this case was distinguishable from Burnes. First, Reynolds pointed out that, where the real party in interest in Burnes was the debtor acting on his own behalf, here the real party in interest is the trustee, Reynolds, acting on behalf of Parker's creditors. Moreover, Reynolds argued that Parker and her attorneys informed Reynolds of the claim and Reynolds reopened the bankruptcy case before Wendy's had moved to dismiss based on judicial estoppel. Reynolds contended that this sequence of events also distinguished this case from Burnes because the debtor in Burnes only moved to reopen his bankruptcy case after the defendant argued judicial estoppel. Reynolds argued that judicial estoppel should not apply because Parker "ha[d] done the right thing for the creditors of the bankruptcy case by reopening the case and attempting to recover some value to be paid against their claims." R1-32 at 3. Finally, Reynolds contended that imposing judicial estoppel would result in an injustice to the innocent creditors who would be denied "the possibility of actually recovering

5

some money" and would grant a windfall to Wendy's who would be able to "escape their own liability at the expense of the innocent [creditors] in the bankruptcy case." Id. at 4.

The district court denied Reynolds's motion for reconsideration, concluding that the distinctions between this case and Burnes were not determinative. The district court found that neither Reynolds's intervention as the real party in interest nor the fact that Reynolds reopened the bankruptcy case prior to Wendy's assertion of judicial estoppel changed the fact that Parker, who remained a party to the discrimination action, asserted a claim that was inconsistent with the position she took in the bankruptcy proceeding. Reynolds timely appealed.

## II. DISCUSSION

Reynolds now appeals the district court's grant of judgment on the pleadings to Wendy's and its denial of Reynolds's motion for reconsideration.[1] Specifically, Reynolds argues that the district court abused its discretion when it applied judicial estoppel. We review a judgment on the pleadings de novo. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). "Additionally, we review the district court's application of judicial estoppel for abuse of discretion."

---

[1] Because we reverse the district court's grant of judgment on the pleadings, we do not reach the issue of whether the district court properly denied Reynolds's motion for reconsideration.

6

<u>Burnes</u>, 291 F.3d at 1284. "The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." <u>Talavera v. School Bd. of Palm Beach County</u>, 129 F.3d 1214, 1216 (11th Cir. 1997).

As a threshold issue, we must determine whether these issues were properly preserved for appeal. Wendy's argues that Reynolds failed to preserve the issue of whether judicial estoppel applies for appellate review because, prior to the entry of the district court's order dismissing the case, he failed to respond to Wendy's motion to dismiss in which it first raised the issue of judicial estoppel. Wendy's argument fails because the judicial estoppel issue was raised in the district court–by Wendy's in its motion to dismiss. Moreover, judicial estoppel was the precise issue the district court addressed in its dismissal order and the issue presented in this appeal is whether that application was appropriate. Accordingly, the issue of judicial estoppel is subject to our review.

"Judicial estoppel is an equitable concept invoked at a court's discretion" and designed "to prevent the perversion of the judicial process ." <u>Burnes</u>, 291 F.3d at 1285 (citation omitted). Although the Supreme Court has noted that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," <u>New Hampshire v.</u>

7

Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815 (2001) (citations omitted), we generally consider two factors. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Burnes, 291 F.3d at 1285 (citation omitted). The district court determined that both the first and second prong of this test were met.

Trustee Reynolds concedes that Parker took inconsistent positions in bankruptcy court and district court. Reynolds argues that Parker's inconsistent statements should not be attributed to him and that, even if judicial estoppel would bar Parker, it should not bar Reynolds from pursuing this claim on behalf of Parker's creditors. Reynolds contends that judicial estoppel should not apply to him, as bankruptcy trustee, because he did not know of the discrimination claim during the bankruptcy proceedings and, therefore, did not take inconsistent positions in the courts. Moreover, Reynolds posits that applying judicial estoppel to him would not serve the policy of encouraging honest disclosure to the courts because Reynolds was never dishonest with the courts.

The correct analysis here compels the conclusion that judicial estoppel should not be applied at all. Moreover, based on our analysis which follows, it is questionable as to whether judicial estoppel was correctly applied in Burnes. The

8

more appropriate defense in the Burnes case was, instead, that the debtor lacked standing.

Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. Barger, 348 F.3d at 1292. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; Barger, 348 F.3d at 1292.

Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. See 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the

9

property of the estate.[2] 11 U.S.C. § 554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. <u>Mobility Sys. & Equip. Co. v. United States</u>, 51 Fed. Cl. 233, 236 (Fed. Cl. 2001) (citing cases); <u>see</u> <u>Vreugdenhill v. Navistar Int'l Transp. Corp.</u>, 950 F.2d 524, 525-26 (8th Cir. 1991).

In this case, Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition. Reynolds, as trustee, then became the real party in interest in Parker's discrimination suit. He has never abandoned Parker's discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, Reynolds cannot now be judicially estopped from pursuing it.[3]

_____

[2]We are not holding that it is impossible for a valid defense against a pre-petition claim brought by the trustee to arise post-petition. For instance, if Parker had filed this claim after the statute of limitations had passed, the statute of limitations defense would bar Reynolds from pursuing this claim, just as it would bar Parker from pursuing it.

[3]Although general bankruptcy law establishes that the trustee does not have any more rights than the debtor has, <u>Bank of Marin v. England</u>, 385 U.S. 99, 101, 87 S. Ct. 274, 276 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition."); <u>In re Halabi</u>, 184 F.3d 1335, 1337 (11th Cir. 1999), any **post-petition** conduct by Parker, including failure to disclose an asset, does not relate to the merits of the discrimination claim. This is because the instant the bankruptcy petition was filed, Parker's claim against Wendy's became property of the estate under section 541 and Reynolds became the real party in interest. At that point, the debtor ceased to have an interest in the discrimination claim, unless and until the trustee abandoned it. Both <u>Bank of Marin</u> and <u>In re Halabi</u> are readily distinguishable since those cases deal with **pre-petition** defenses and counterclaims to a cause of action that would have been applicable to the debtor had no bankruptcy case been filed.

## III. CONCLUSION

The district court's judgment is reversed because the doctrine of judicial estoppel was improperly invoked. The claim against Wendy's belongs to the bankruptcy estate and its representative, the trustee. The trustee made no false or inconsistent statement under oath in a prior proceeding and is not tainted or burdened by the debtor's misconduct.[4]

REVERSED.

---

[4]Even if there were a demand in the debtor's complaint for injunctive relief so that the debtor properly remained a plaintiff as to that relief, that would not alter the analysis of the inapplicability of judicial estoppel to the **trustee's** claim for money damages. See Barger, supra, at 1292-93. Moreover, in the unlikely scenario where the trustee would recover more than an amount that would satisfy all creditors and the costs and fees incurred, then, perhaps judicial estoppel could be invoked by the defendant to limit any recovery to only that amount and prevent an undeserved windfall from devolving on the non-disclosing debtor.