**In the Matter of Ronald Leon WILLIAMS, Jeanette R. Williams, Debtors.**

No. 03–80075–JAC–7.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

May 26, 2004.

Damon Q. Smith, Florence, AL, for Debtors.

Jennifer W. Pickett, Smith, Spires & Peddy, PC, Birmingham, AL, for creditor.

Tazewell T. Shepard, Huntsville, AL, trustee.

## ORDER

JACK CADDELL, Bankruptcy Judge.

On May 26, 2004, this case came before the Court to be heard on the trustee's motion to reopen case to pursue a pending civil action and to administer any proceeds recovered from the action for the benefit of the creditors in this case. The trustee has identified a pre-petition asset of the debtors that the debtors were required to disclose in their bankruptcy petition and schedules. The asset is a pending civil action in the Circuit Court of Jefferson County, Alabama. The debtors did not appear at the hearing to reopen, but it is undisputed that prior to filing their bankruptcy petition on January 7, 2003, the debtors notified their bankruptcy attorney of the potential cause of action and were advised by bankruptcy counsel that the asset did not need to be listed. The trustee submits that the debtors' omission, therefore, was nothing more than a simple error or inadvertence that was not calculated to make a mockery of the judicial system. The trustee argues that this case is controlled by the recent Eleventh Circuit decision in *Parker v. Wendy's International, Inc. (In re Parker)*, 365 F.3d 1268 (11th Cir.2004) in which the court of appeals held that judicial estoppel did not apply to estop the bankruptcy trustee from pursing a cause of action against the debtor's employer where the debtor failed to disclose a district court action that she had filed approximately two years prior to the petition date. The court held that judicial estoppel did not apply because the trustee was the real party in interest in the discrimination suit, the trustee never abandoned the claim, and he never took an inconsistent position under oath with regard to the claim.

The defendant cites the Eleventh Circuit cases of *Barger v. City of Cartersville (In re Barger)*, 348 F.3d 1289 (11 Cir.2003) and *Burnes v. Pemco Aeroplex, Inc. (In re Burnes)*, 291 F.3d 1282 (11th Cir.2002) as controlling authority. In *Barger v. City of Cartersville (In re Barger)*, 348 F.3d 1289 (11 Cir.2003), the Eleventh Circuit was faced with a case in which the debtor informed her bankruptcy attorney about a discrimination suit she had filed before filing her bankruptcy petition, but the debtor's petition stated that the debtor had not been a party to any suit in the year preceding her petition. The debtor signed the Statement of Financial Affairs under oath which declared that she had read the petition and its contents were true and accurate. The debtor contended that her disclosure of the claim to her bankruptcy counsel was evidence that she did not engage in any intentional manipulation calculated to make a mockery of the judicial system. Similarly, the trustee argues in this case that the debtors failure to disclose this pre-petition asset was mere inadvertence because the debtors notified their bankruptcy counsel of the possible cause of action prior to filing their bankruptcy petition. In *Barger*, the Eleventh Circuit rejected the argument that the debtor's failure to disclose could be blamed on her attorney. The court stated:

Although it is undisputed that Barger's attorney failed to list Barger's discrimination suit on the schedule of assets despite the fact that Barger specifically told him about the suit, the attorney's omission is no panacea. As the Supreme Court stated in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1386[1390], 6[8] L.Ed.2d 734 (1962), "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid

the consequences of the acts or omissions of this freely selected agent." ... "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Even if Barger's failure to disclose could be blamed on her attorney, the nondisclosure could not in any event be considered inadvertent. The failure to comply with the Bankruptcy Code's disclosure duty is "inadvertent" only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment. (citations omitted).

The Eleventh Circuit in *Barger* concluded by dismissing the debtor's claim for monetary damages despite having first found that the debtor's claims were property of the estate and that the trustee was the real party in interest with exclusive standing to assert the claim.

 In this case, the Court is bound by both the *Barger* and *Parker* decisions. Neither decision was decided *en banc* by the Eleventh Circuit and both are controlling authority. Consistent with both decisions, the Court finds that the debtors failure to disclose was not inadvertent based on the undisputed finding that the debtors informed their bankruptcy attorney about the potential cause of action and the Eleventh Circuit in *Barger* specifically addressed and rejected such assertion of inadvertence. Consistent with *Parker* the Court finds that the debtor's failure to disclose will not judicially estop the trustee from reopening this case to pursue the

cause of action. Based on the finding that the debtors failure to disclose cannot be considered inadvertent, the Court will limit the trustee's recovery to the amount of the unsecured claims filed in this case, plus reasonable attorneys' fees, and reasonable expenses incurred by the trustee and special counsel to pursue the civil action and other administrative expenses in the case.[1] The debtors clearly had personal knowledge of the potential cause of action and motive to conceal the asset to avoid administration of same in this case.

Based upon the foregoing, it is ORDERED, ADJUDGED AND DECREED that:

1. The motion to reopen is hereby granted. Recovery in the civil action shall be limited to the amount of unsecured claims in this case, plus reasonable attorneys fees and expenses incurred by the trustee and special counsel incurred to pursue the civil action, and other administrative expenses.

2. The applications by trustee to employ attorney, Tazewell Shepard, and special counsel, Erik S. Heniger, are hereby approved with compensation and expenses to be limited as set forth above.

---

**1.** The Court notes that the debtors have listed only $5,537.54 in unsecured claims in this case.