[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16701
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 7, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-03172-CV-CAM-1

CALVIN JONES,

                                                    Plaintiff-Appellant,

versus

CLAYTON COUNTY,
a Political Subdivision of
the State of Georgia,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 7, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

        Calvin Jones appeals the district court's order granting Clayton County's

motion for summary judgment on Jones's discrimination (race) claims filed

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).[1] The district court entered summary judgment after finding: (1) that Jones lacked standing because he failed to disclose this potential cause of action as a potential asset in his voluntary petition for Chapter 7 bankruptcy, which he filed approximately nine months before filing this suit, and (2) that Jones failed to exhaust his administrative remedies under Title VII in a timely manner.[2] After careful review, we affirm the entry of summary judgment, but remand the case to the district court for a determination of the amount of Clayton County's reasonable appellate attorneys' fees.

---

[1] We lack jurisdiction to review the district court's entry of sanctions against Jones's counsel, based on the court's finding that counsel acted in bad faith and knowingly pursued a frivolous, time-barred claim. It is well-settled that we must consider questions concerning our jurisdiction, even where neither party raises jurisdiction as an issue. Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006). This Court is without jurisdiction to consider the propriety of a district court's imposition of sanctions against a party's attorney, where the attorney has not filed a timely document clearly indicating his intent to appeal the sanctions. Id. As in Holloman, Jones's attorney failed to file a separate notice of appeal, indicating his intent to appeal the district court's imposition of sanctions against him, and likewise did not list himself as a party on appeal in his client's notice. Moreover, Jones's brief in this action was filed on January 11, 2006, which was over two months after the final judgment was entered and well after the deadline for filing a notice of appeal had expired. See Fed. R. App. P. 4(a)(1)(A). Accordingly, we DISMISS the appeal as to the entry of sanctions.

[2] Jones was terminated in May 2003, but did not file a claim with the EEOC until July 2004, which was well after expiration of the 180-day limitation period enumerated in Title VII. See 42 U.S.C. § 2005e-5(e)(1); 42 U.S.C. § 12117(a). And he made no argument in favor of equitable tolling of the limitation period. Cf. Forehand v. Fla. State Hosp. at Chatahoochee, 89 F.3d 1562, 1570 n.17 (11th Cir. 1996) (holding that the timely filing of an EEOC charge is "subject to waiver, estoppel and equitable tolling").

Regardless of whether a bankruptcy debtor discloses its existence, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate. Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004). "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." Id.

Jones had put forth no arguments, either in the district court or on appeal, addressing his lack of standing to bring this action, which was the district court's primary reasoning for entering summary judgment. Instead, on appeal, Jones argues that he presented sufficient evidence of a pattern of racially motivated employment practices and disparate treatment based on race, sufficient to avoid entry of summary judgment on his Title VII claims. We refuse to reach the merits of Jones's underlying suit because our caselaw make clear that Jones's failure to list this cause of action as a potential asset on his bankruptcy petition means that he lacks standing to bring this claim. See id. at 1271-72. Jones's potential discrimination claim became an asset of the bankruptcy estate when he filed his bankruptcy petition and the claim remains an asset of the bankruptcy estate. Id. Because there is no evidence that the trustee, who is the real party in interest in this

discrimination suit, ever abandoned this claim, Jones lacks standing to bring the claim. Id. at 1272. We affirm the entry of summary judgment on this basis.

Finally, Clayton County has moved this court to award sanctions, in the form of appellate attorneys' fees and double costs, pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Rule 38 provides the following:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38. Clayton County highlights that Jones has not so much as mentioned the issue of standing in his appellate brief. His lack of standing was the first reason noted by the district court for entering summary judgment and, alone, provides a sufficient basis for us to affirm. Clayton County urges that the filing of this appeal has resulted in a waste of resources to the County and its taxpayers and the resources of this Court. We agree. Accordingly, we grant the motion, in part, awarding the County appellate attorneys' fees and <u>single</u> costs, and remand to the district court for a determination of reasonable fees. See Williams v. City of Fairburn, Ga., 702 F.3d 973, 974 (11th Cir. 1983) (awarding appellate attorneys' fees and costs and remanding to district court for determination of amount).

**DISMISSED IN PART AND AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.**

4