[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15127
Non-Argument Calendar

_____

D. C. Docket No. 05-02498-CV-JEC-1

GERTRUDE ISAAC,

Plaintiff-Appellant,

versus

IMRG,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 21, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Gertrude Isaac, proceeding *pro se*, appeals the district court's dismissal of

her claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq., and state tort claims against her employer, Integrated Management Resources Group ("IMRG").[1] The district court dismissed her claims because it found that the bankruptcy estate resulting from her bankruptcy petition was the only party with standing to pursue her claims and, therefore, Isaac did not have standing to pursue the claims herself. Isaac argues that she was not subject to judicial estoppel and that IMRG acted in bad faith. Moreover, she contends that she is entitled to summary judgment. Isaac also claims, *inter alia*, that the district court should not award attorneys' fees to IMRG. IMRG has filed a motion requesting that we award it attorneys' fees on the ground that Isaac's appeal is frivolous.[2]

We review the district court's ruling on summary judgment *de novo*, considering all evidence and inferences in the light most favorable to the non-moving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[1] We construe Isaac's *pro se* brief to include a motion requesting that we seal the record of this appeal. However, we deny this motion because IMRG has filed record excerpts under seal in accordance with Eleventh Circuit Rule 25-5(2).

[2] We deny IMRG's motion requesting attorneys' fees because we have concluded that sanctions would be inappropriate.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We have jurisdiction over appeals "from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. However, we do not have jurisdiction to review judgments or issues that are "expressly referred to and which are not impliedly intended for appeal." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1375 (11th Cir. 1983). In addition, the law is well settled that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Moreover, "[a]ny issue that an appellant wants the Court to address should be specifically and clearly identified in the brief." *Id.* However, we do construe *pro se* filings liberally. *Faulk v. City of Orlando*, 731 F.2d 787, 789 (11th Cir. 1984). We have also held that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc.*, 385 F.3d at 1331 (quotations omitted).

The commencement of a bankruptcy case creates an estate which is comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Therefore, a cause of action belonging to the debtor in a bankruptcy proceeding vests in the

bankruptcy estate upon the filing of a bankruptcy petition. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." *Id.* at 1272. "At the close of the bankruptcy case, property of the estate that is not abandoned . . . and that is not administered in the bankruptcy proceedings remains the property of the estate." *Id.* (footnote omitted). Furthermore, the "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id.*

As an initial matter, we conclude from the record that we do not have jurisdiction to address Isaac's claim that the district court should not award attorneys' fees to IMRG because she has not appealed a final decision or order of the district court granting such attorneys' fees. In addition, Isaac has abandoned any challenge to the district court's grant of summary judgment because, even construing her brief liberally, she does not argue that she has standing, the lack of which was the basis for the district court's decision. *See Access Now, Inc.*, 385 F.3d at 1330. Even if she had raised this claim, it would fail because the cause of action she pursues in this case vested with the bankruptcy estate when she filed her bankruptcy petition. *See Wendy's*, 365 F.3d at 1272. Therefore, Isaac does not have standing to bring these claims because the only party with standing to bring

4

these claims is the trustee of the bankruptcy estate. *See id.* Accordingly, we reject the remainder of Isaac's arguments and affirm the district court's grant of summary judgment in favor of IMRG.

**AFFIRMED.**