[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2012
JOHN LEY
CLERK

No. 11-14372
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01330-GAP-DAB


ZINNIA I. CHEN,

                                                    Plaintiff-Appellant,

                        versus


SIEMENS ENERGY INCORPORATED,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 2, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Zinnia Chen, proceeding *pro se*, appeals the district court's dismissal of her 42 U.S.C. § 2000e-2(a) ("Title VII") employment discrimination lawsuit. Chen filed her Title VII action against her former employer, Siemens Energy Inc., alleging that Siemens had discriminated against her in promotion decisions on account of her being an asian woman. The district court dismissed Chen's claim for lack of standing, upon learning that Chen, after filing her Title VII claim, had filed a petition for bankruptcy under Chapter 7, and thus, the bankruptcy trustee was the only party with standing to prosecute the Title VII claim. Chen argues on appeal that this dismissal was in error.

The existence of standing "is a jurisdictional prerequisite to suit in federal court." *Alabama v. United States Envtl. Prot. Agency*, 871 F.2d 1548, 1554 (11th Cir. 1989). We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

The commencement of a bankruptcy case creates an estate comprised of virtually all of the debtor's assets. 11 U.S.C. § 541(a)(1). The Bankruptcy Code defines the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This

includes all pre-petition causes of action. *Parker v. Wendy's Int'l., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Accordingly, the trustee, as the representative of the bankruptcy estate, becomes the only party with standing to bring a cause of action that belongs to the estate. *Parker*, 365 F.3d at 1272; *Barger*, 348 F.3d at 1292. Unless the cause of action is abandoned pursuant to 11 U.S.C. § 554, the rights of the debtor in that cause of action are extinguished. *Parker*, 365 F.3d at 1272. Property not abandoned under § 554 that is not administered during bankruptcy proceedings remains in the estate. 11 U.S.C. § 554(d). Where a debtor fails to list an interest on the bankruptcy schedules, that interest remains in the bankruptcy estate. *Parker*, 365 F.3d at 1272.

Here, we conclude that Chen's Title VII claim became part of her bankruptcy estate upon the filing of her Chapter 7 petition. At that point, Chen lost standing, and the bankruptcy trustee became the only party with standing to bring the Title VII claim, unless the trustee later abandoned the claim from the estate, which has not occurred. Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**

3