[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15649
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-04035-RLV

DEXTER WEBB,

Plaintiff-Appellee,

versus

THE CITY OF RIVERDALE,
AUGUSTUS PALMER, III, a.k.a. Augustus Palmer,
SAMUEL F. PATTERSON, Chief of Police; in his
individual and official capacity as a police officer,
OFFICER VEASNA SRENG, in her individual and
official capacity as a police officer,
CAPTAIN PAUL WEATHERS, in his individual and
official capacity as a police officer,

Defendants-Appellants,

THE CITY OF RIVERDALE POLICE DEPARTMENT, et al.,

Defendants.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 22, 2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Dexter Webb brought this civil rights action against the City of Riverdale and various City of Riverdale police officers in their individual and official capacities. While this action was pending, Webb filed for Chapter 7 bankruptcy protection, but failed to disclose this pending lawsuit. When the defendants discovered Webb did not list this case in his bankruptcy petition, they filed a motion for summary judgment based upon the doctrine of judicial estoppel.

The district court denied the motion for summary judgment, but dismissed Webb's civil action on the ground that only the Trustee in Webb's Chapter 7 bankruptcy proceeding had standing to pursue the action. The dismissal was without prejudice.

On appeal, Webb agrees that he does not have standing to prosecute this case. His brief states, "Since Appellee filed a Chapter 7 petition, the Trustee became the real party in interest of Appellee's claims at the time of his filing. . . . Therefore, Appellee lost his right to litigate the claim immediately at the time of filing." (Appellee's Br. at 14.)

Webb's position is in accord with our precedent. In *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), we explained that

2

a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. . . . Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate.

*Id.* at 1272 (citations omitted). Therefore, the district court did not err by dismissing the case on this basis. We affirm the judgment dismissing the action without prejudice.

Because Webb did not have standing to prosecute the case, the district court should have refrained from ruling on the defendants' motion for summary judgment. Therefore, we vacate the district court's order denying the motion. Should the bankruptcy Trustee abandon this claim back to Webb, and Webb refiles this case, then the question of judicial estoppel, if raised, would properly be before the court.

AFFIRMED IN PART, VACATED IN PART.