[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15478
_____

D.C. Docket No. 2:11-cv-00002-LGW-JEG

BOND SAFEGUARD INSURANCE COMPANY,
LEXON INSURANCE COMPANY,

Plaintiffs - Appellants,

versus

WELLS FARGO BANK, N.A.,
as successor in interest to Wachovia Bank, N.A.,
KEYBANK, N.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 21, 2012)

Before MARCUS and PRYOR, Circuit Judges, and FRIEDMAN,[*] District Judge.

PER CURIAM:

The issue presented in this appeal is whether two sureties have standing to

bring claims against lenders that could have been brought by the bankruptcy estate

_____

[*]Honorable Paul Friedman, United States District Judge for the District of Columbia, sitting by designation.

of a debtor.  This appeal involves a complaint filed by two sureties, Bond Safeguard Insurance Company and Lexon Insurance Company, against two lenders, Wells Fargo Bank and KeyBank.  The sureties allege that the lenders wrongfully required Land Resource LLC and other developers to make payments to the lenders.  The sureties also allege that, because of these wrongful payments, the developers were unable to complete improvements for which the sureties had issued subdivision bonds, which led the sureties to pay over $16 million to satisfy the obligations of the developers.  The sureties asserted seven causes of action against the lenders: (i) negligence, (ii) breach of fiduciary duty, (iii) money had and received, (iv) tortious interference with contract, (v) unjust enrichment and constructive trust, (vi) negligence per se, and (vii) commercial bad faith.  The lenders argue that the sureties lack standing to assert these claims because the claims belong to the bankruptcy estate of the developers and only the trustee of the bankruptcy estate has standing to assert the claims.  See 11 U.S.C. § 541(a).  The district court agreed with the lenders and dismissed the complaint of the sureties.  Because we conclude that the sureties lack standing to assert their complaint, we affirm.

## I. BACKGROUND

The developers owned and developed real estate projects in North Carolina, Georgia, and Tennessee.  The developers entered an agreement with the counties

2

where their projects were located to complete certain infrastructure improvements as part of their real estate projects. The counties required the developers to secure performance bonds for the completion of the infrastructure improvements, and the sureties issued subdivision bonds in favor of the counties.

After the developers experienced financial difficulties, the counties declared defaults under the subdivision bonds because the developers failed to complete the infrastructure improvements. The counties looked to the sureties to satisfy the obligations of the developers, and the sureties made payments of more than $16 million to the counties.

The developers filed a bankruptcy petition, and all claims against the lenders by the developers have been waived, released, or settled. The only claims not released are those held by third parties that arose "entirely independently of any alleged claim or cause of action of [the developers]."

On January 4, 2011, the sureties filed suit against the lenders in the Southern District of Georgia. On April 18, 2011, the sureties filed their first amended complaint that asserted seven causes of action against the lenders. On May 9, 2011, the lenders filed a motion to dismiss the first amended complaint for lack of subject matter jurisdiction and for failure to state a claim.

3

At a hearing on the motion, the district court asked the sureties whether the same claims for relief could be brought by the developers, and the sureties answered that the claims could be brought by other creditors or the developers:

> Q:  Do you acknowledge that any of the claims, either legal or equitable, that you are making, could the developers have raised any of those?
>
> A:  They could have, but the facts would be different. The facts and the damages would certainly be different.  I could see the developer[s] making an argument that there's a breach of fiduciary duty.  I could see that. I could see a lot of these claims.  In fact, if I think about it, <u>I probably could see all of them</u>.  But again, that's not — those claims would be different.  <u>The conduct was the same</u>, but the causes of action and the application of those causes of action, and specifically the damages . . . are specific, unique and personal to the sureties. . . .
>
> Q:  What you are saying is the particular way that you suffered from the alleged negligence or fraud, or whatever the cause of action is called, the way you suffered it was a particular way.  But nevertheless, the wrongdoing you allege, isn't that generalized?  Wouldn't other creditors have been hurt by the misconduct or any kind of misrepresentation or breach?  How is that not generalized?
>
> A:  I think they would.  I think they would, but it's not generalized in the strict application . . . .

The sureties distinguished themselves from other creditors because they "issued bonds."

On October 21, 2011, the district court dismissed the suit of the sureties because the sureties lacked standing to bring their causes of action.  The district court ruled that the claims pleaded by the sureties were general in nature and derived indirectly from harms directly suffered by the developers.  The district

4

court ruled that the claims raised by the sureties belong to the trustee of the bankruptcy estate of the developers.

## II. STANDARD OF REVIEW

"In reviewing the district court's decision to grant the motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(1) [for] lack of subject matter jurisdiction, this Court reviews the legal conclusions of the district court <u>de novo</u>." <u>McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.</u>, 501 F.3d 1244, 1250 (11th Cir. 2007). "[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." <u>Eaton v. Dorchester Dev., Inc.</u>, 692 F.2d 727, 732 n.9 (11th Cir. 1982).

## III. DISCUSSION

This appeal turns on whether the claims of the sureties allege only indirect harm to the sureties and whether the developers could raise the same claims against the lenders. "[A] debtor's bankruptcy estate [] includes 'all legal and equitable interests of the debtor in property as of the commencement of the case.'" <u>Baillie Lumber Co. v. Thompson</u> (<u>In re Icarus Holding, LLC</u>), 391 F.3d 1315, 1319 (11th Cir. 2004) (quoting 11 U.S.C. § 541(a)). If a cause of action belongs to the estate, then the trustee "is the only party with standing to prosecute [it]." <u>Parker v. Wendy's Int'l, Inc.</u>, 365 F.3d 1268, 1272 (11th Cir. 2004). "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to

5

the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." Schertz-Cibolo-Universal City v. Wright (In re Educators Grp. Health Trust), 25 F.3d 1281, 1284 (5th Cir. 1994). A general claim that "applies equally to all creditors" and can be brought by the debtor is the property of the bankruptcy estate of the debtor. Baillie, 391 F.3d at 1319, 1320.

The claims asserted by the sureties are general in nature and could have been raised by the developers against the lenders. At the heart of all seven of the claims of the sureties is the allegation that the lenders wrongfully required the developers to make payments to the lenders. Because this complaint alleges generally that the developers lacked sufficient funds to fulfill various obligations because of the actions of the lenders, any creditor of the developer could assert the same causes of action on the same theory. Because the sureties allege that the lenders required the developers to make wrongful payments to the lenders, the developers could have raised the same claims against the lenders. Even the sureties conceded to the district court that they could "probably see" how the developers could have asserted all of the claims raised by the sureties. The general nature of the claims of the sureties and the ability of the developers to assert the same claims against the lenders fulfills our definition of claims that belong to a bankruptcy estate.

6

The sureties argue that their status as bond issuers distinguishes them from other creditors, but that argument has no basis in our jurisprudence. When we determine whether a claim belongs to a bankruptcy estate, we ask if a claim "applies equally to all creditors" and can be brought by the debtor. Baillie, 391 F.3d at 1319–20. Although a supplier of the developers would be owed a debt that is unique from the debt the developers owe to the sureties, the theory behind their causes of action would be the same. It is the general nature of a claim instead of the general nature of a debt that causes a claim to belong to a bankruptcy estate.

At oral argument, the sureties contended that the claims for tortious interference with contract and breach of fiduciary duty are distinguishable from the other claims of the sureties, but this distinction was neither raised before the district court nor developed in the briefs filed before this Court. The sureties contend that the claims for tortious interference with contract and breach of fiduciary duty could be asserted only by them because the developers were not parties to the third-party contracts at issue and the lenders owed a unique fiduciary duty to the sureties. Ordinarily, we will not consider an issue raised for the first time on appeal. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). We "will consider an issue not raised in district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice," Garcia v. Pub. Health Trust, 841 F.2d 1062, 1066 (11th Cir. 1988)

7

(internal quotation omitted), but that exception does not apply.  Moreover, issues

that are not developed in the briefs filed before this Court are considered

abandoned.  Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995).  "Without

the benefit of developed argument from both sides regarding" this issue, we cannot

effectively review it.  Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1480 (11th

Cir. 1997).

## IV. CONCLUSION

We **AFFIRM** the dismissal of the complaint of the sureties.

8