IN RE: Steven W. BERNSTEIN, Debtor.

Steven W. Bernstein, Plaintiff,

v.

Wells Fargo Bank, N.A., Federal Home Loan Mortgage Corporation, and Does, 1–5, Defendants.

BANKRUPTCY CASE NO: 14–65054–MGD
ADVERSARY PROCEEDING NO: 14–05306

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed January 2, 2015

Filed January 5, 2015

---

Steven W. Bernstein, Dunwoody, GA, pro se.

Scott H. Michalove, Baker Donelson Bearman, et al., Atlanta, GA, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Mary Grace Diehl, U.S. Bankruptcy Court Judge

Before the Court is Defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss Plaintiff Steven W. Bernstein's Complaint (Doc. 6) ("Motion"). Defendants base their Motion on several grounds, including insufficient service of process, res judicata, lack of standing, and failure to state a claim upon which relief can be granted. For reasons set forth below, the Court concludes that while Mr. Bernstein's Complaint was properly served on Defendants, he lacks standing to litigate the prepetition claims raised by it as a Chapter 7 debtor. Accordingly, the Court will grant Defendant's Motion on those grounds and will not reach the other issues raised in the Motion.

### I. Background

This case arises from a refinance of Mr. Bernstein's property located at 1428 Valley View Road. (Compl.¶ 5, Doc. 1). On August 4, 2014, Mr. Bernstein filed a voluntary Chapter 7 Bankruptcy Petition. (Bankr.Doc. 1). On October 17, 2014, the Court granted Defendant Wells Fargo Bank, N.A. relief from the automatic stay to institute foreclosure proceedings against that property. (Bankr.Doc. 44). It denied Mr. Bernstein's motion to reimpose the stay on November 17, 2014. (Bankr.Doc. 61). The Court entered Mr. Bernstein's discharge on December 10, 2014. (Bankr. Doc. 63).

Meanwhile, on September 26, 2014, Mr. Bernstein filed an adversary proceeding against Defendants raising allegations of misconduct arising from the closing of his refinancing transaction, from Defendants' foreclosure noticing, and from Defendants' refusal to accept a purported tender under the Truth in Lending Act. (Compl.¶¶ 51, 57, 64, Doc. 1). On October 8, 2014, Mr. Bernstein filed two Certificates of Service reciting personal service on each of the moving Defendants (Docs.4, 5). Defendants filed the instant Motion on October 27, 2014 (Doc. 6) and Mr. Bernstein filed a Response in opposition on November 13, 2014 (Doc. 7). Mr. Bernstein also filed an Emergency Motion for Temporary Restraining Order on December 17, 2014, which the Court denied on December 22, 2014 (Docs.8, 9).

### II. Legal Standard

■ "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir.1990). Service of process in adversary proceedings is governed by Federal Rule of Bankruptcy Procedure [hereinafter Bankruptcy Rule] 7004. That rule provides two primary methods of service: the first is by mail under Bankruptcy Rule 7004(b) and (h), and the second is by "[p]ersonal service under [Federal Rule of Civil Procedure] 4(e)-(j) ... made by any person at least 18 years of age who is not a party." FED. R. BANKR. P. 7004(a). Federal Rule of Civil Procedure [hereinafter Civil Rule] 12(b)(5), made applicable to this action by Bankruptcy Rule 7012(b), provides that the defense of insufficient service of process may be raised by motion.

■ Like service of process, standing is a jurisdictional requirement. *AT & T Mobility, LLC v. Nat'l Ass'n for Stock Car*

*Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir.2007) (citations omitted). Because a pre-petition cause of action is, in general, property of the bankruptcy estate, "only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir.2004) (citing 11 U.S.C. § 541). Relatedly, as the estate representative, the trustee in bankruptcy is the real party in interest in whose name such actions should be brought. 11 U.S.C. § 323; FED. R. BANKR.P. 7017. Thus, a Chapter 7 debtor lacks standing to litigate pre-petition claims and is not the real party in interest in whose name such claims may be brought unless and until such claims are abandoned by the trustee back to the debtor. *Parker*, 365 F.3d at 1272 (citing 11 U.S.C. § 554(a)-(c)).

## III. Discussion

■ Defendants' first argument for dismissal, insufficient service of process, is based on Mr. Bernstein's failure to effectuate service of process under Bankruptcy Rule 7004(h). That rule enables service by mail on an insured depository institution, with exceptions not applicable, only by "certified mail addressed to an officer of the institution." However, as noted above, Bankruptcy Rule 7004 provides two relevant methods for service of process: A plaintiff seeking to serve a party may either do so by mail under the relevant provision of Bankruptcy Rule 7004 or by personal service under Civil Rule 4. The Certificates of Service which Mr. Bernstein filed on the docket both evidence personal service by a nonparty over 18 years of age. (Docs.4, 5). Civil Rule 4 permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The Court, taking judicial notice of the records of the Corporations Division of the Georgia Secretary of State, notes that the registered agent for service of Defendant Wells Fargo in the State of Georgia matches the agent served as evidenced by the Certificate of Service filed by Mr. Bernstein. (Doc 4); *Record of Wells Fargo Bank, National Association (Inc.)*, GA. SECRETARY ST., CORP. DIVISION https://cgov.sos.state.ga.us/Account.aspx/ViewEntityData?entityId=359195 (last visited Jan 2, 2015). As to Defendant Freddie Mac, service appears to have been made directly on the Manager of the Atlanta Regional Office. Thus, the Court concludes that service of process was sufficient upon both moving Defendants.

The Court next turns to the standing of Mr. Bernstein to bring this adversary proceeding. Defendants raised two arguments related to standing and real party in interest. First, they assert that as a Chapter 7 debtor raising a pre-petition cause of action, Mr. Bernstein lacks standing to raise his claims. Second, they contend that he failed to disclose the causes of action in his bankruptcy petition, which means they remain in the bankruptcy estate even after the closure of the case. The Court agrees with Defendants' first argument, but not their second.

■ That Mr. Bernstein's claims arose pre-petition is evident from the fact that he has raised identical claims in several other forums.[1] *Steven W. Bernstein v.*

---

1. Mr. Bernstein is correct that for purposes of the Full Faith and Credit statute, 28 U.S.C. § 1738, the Court is only required to give effect to Georgia judicial proceedings which bear an attestation and seal. While the failure of Defendants to properly authenticate the records of Mr. Bernstein's 2013 DeKalb County Superior Court suit may potentially

*Wells Fargo Home Mortgage,* No. 1:10–cv–00785–RWS (N.D.Ga. Mar. 18, 2010); *Steven W. Bernstein v. Wells Fargo Bank, N.A. et al.,* No. 13cv1585–1 (DeKalb Super. Ct. Jan. 18, 2013). Mr. Bernstein in fact disclosed the pendency of the DeKalb County suit in his Statement of Financial Affairs. (Bankr.Doc. 1, at 8). Mr. Bernstein's Complaint alleges misconduct arising from the closing of his refinancing transaction, from Defendants' foreclosure noticing, and from Defendants' refusal to accept a purported tender, all of which would have occurred prior to the filing of his Chapter 7 bankruptcy case. (Compl.¶¶ 51, 57, 64, Doc. 1). Consequently, it became part of his bankruptcy estate at filing, and was neither exempted by him nor abandoned by the Trustee. Thus, only the Trustee would have standing to bring the claims during the pendency of the bankruptcy case. *Parker v. Wendy's Int'l Inc.,* 365 F.3d 1268, 1272 (11th Cir.2004).

Contrary to Defendants' assertions, however, the claims will not remain in the bankruptcy estate after the closing of the estate. Bankruptcy Code Section 554(c) provides that "any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor." Several courts have held that disclosure of a suit in the Statement of Financial Affairs constitutes "property scheduled" for this purpose. *E.g. In re Hill,* 195 B.R. 147, 150 (Bankr.D.N.M.1996); *U.S. ex rel. Fortenberry v. Holloway Grp., Inc.,* 515 B.R. 827, 829 (W.D.Okla.2014). However, were the Court to adopt this interpretation, it would not aid Mr. Bernstein. First, because "standing is to be determined as of the commencement of suit." *Lujan v. Defenders of Wildlife,* 504 U.S.

555, 571 n. 5, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Second, because the closing of the case brings about a second consequence, termination of the subject matter jurisdiction of the Court over Mr. Bernstein's non-bankruptcy claims, as they would no longer be property of the bankruptcy estate and could not "conceivably have an effect" on a closed, no-asset bankruptcy which has already proceeded to discharge. (Bankr.Doc. 63); *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 789 (11th Cir.1990). Thus, there is no way for Mr. Bernstein to remedy the standing defect and the Court must dismiss this case. This does not prejudice Mr. Bernstein's rights to raise these claims in a non-bankruptcy forum.

## IV. Conclusion

For the foregoing reasons, Court concludes that while Mr. Bernstein's Complaint was properly served, he lacked standing to bring the above-styled adversary proceeding as a Chapter 7 debtor. Accordingly, it is

**ORDERED** that Defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation's Motion to Dismiss Plaintiff's Complaint is **GRANTED,** and the above-styled adversary proceeding is **DISMISSED WITH PREJUDICE.**

The Clerk is directed to serve a copy of this Order on Plaintiff, Defendants, and Defendant's Counsel.

---

undermine a defense of res judicata, the Court can still take judicial notice of the proceedings for other purposes, such as their pendency pre-petition. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5106.4 (2d ed.2014).