**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1456**

REBECCA JONES,

                    Plaintiff - Appellant,

          v.

COLLEGE OF SOUTHERN MARYLAND,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:14-cv-03869-PWG)

Submitted: August 29, 2017                              Decided: September 1, 2017

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Rebecca Jones, Appellant Pro Se. Bernadette M. Hunton, Darrell Robert VanDeusen, KOLLMAN & SAUCIER, PA, Timonium, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rebecca Jones appeals the district court's entry of a settlement order dismissing her action brought under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 (West 2012 & Supp. 2015). Jones also appeals the district court's order striking her motion to reopen the proceedings pursuant to Fed. R. Civ. P. 60(b).[*] We affirm in part and dismiss in part.

After Jones filed her complaint, she filed a Chapter 7 bankruptcy petition and identified this lawsuit as an asset in her bankruptcy schedules. Consequently, this lawsuit became the property of the estate that was created when Jones filed the bankruptcy petition. *See* 11 U.S.C. § 541(a) (2012); *In re Bogdan*, 414 F.3d 507, 512 (4th Cir. 2005). Further, the filing of the bankruptcy petition resulted in the bankruptcy trustee becoming the only party with standing to prosecute this action. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

Once the trustee and the defendant informed the district court that a settlement had been reached, the district court dismissed the action. Jones objected to the settlement in the district court and moved to reopen the case. The district court entered an order striking Jones's motion to reopen on the grounds that the court lacked jurisdiction to consider the

---

[*] Although Jones neither amended her notice of appeal to identify the district court's order striking her motion to reopen nor filed a separate notice of appeal from that order, we conclude that Jones's informal brief serves as the functional equivalent of a notice of appeal with respect to that order. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

motion and that Jones lacked standing to object to the settlement. The bankruptcy court subsequently approved the settlement reached in this action over Jones's objection.

We agree with the district court that Jones lacks standing to object to the settlement order entered in this case as a result of her filing for bankruptcy and identifying this lawsuit as an asset. *See Parker*, 365 F.3d at 1272; *Nat'l Am. Ins. Co.*, 187 F.3d at 441. Accordingly, we grant leave to proceed in forma pauperis, affirm the district court's order striking Jones's motion to reopen, and dismiss Jones's appeal from the settlement order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*