[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14663
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cv-00890-RBD-LRH

OSCAR CALDERON,
CARMEN V. ORTIZ,

Plaintiffs-Appellants,

ALTAGRACIA CALDERON,

Plaintiff,

versus

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR SG MORTGAGE SECURITIES TRUST 2006-FRE2
ASSET BACKED CERTIFICATES SERIES 2006-FRE2,
DOES 1-10 INCLUSIVE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 9, 2021)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Oscar Calderon and Carmen Ortiz (collectively "the Calderons") appeal from the district court's grant of summary judgment in favor of the defendants on the Calderons' complaint for "declaratory relief to enforce rescission" of a mortgage loan based on its conclusion that the Calderons lacked standing.  After review, we affirm.

## I.    Background

The facts in this case are not in dispute.  On May 2, 2006, Oscar Calderon closed on a mortgage loan for a residential property in Florida.  Almost three years later, on April 3, 2009, Calderon sent to defendant U.S. Bank and other related companies a formal letter demanding recission of the mortgage due to various alleged violations of the Truth in Lending Act ("TILA") and other federal lending laws.  Calderon was notified in writing this his demand for recission was denied.

Approximately five months later, Calderon filed a voluntary petition for Chapter 7 bankruptcy.  He listed the mortgage loan in his bankruptcy petition as a secured claim, and he made no mention of his demand for recission.  In January 2010, Calderon received a discharge in his bankruptcy proceeding.

Over nine years later, the Calderons filed the underlying petition to enforce recission of the 2006 mortgage loan, seeking declaratory relief, recission of the

2

loan, termination of the defendants' security interest in the property, return of any money paid by the Calderons, statutory damages, actual damages, and attorneys' fees and costs.

U.S. Bank ultimately moved for summary judgment, arguing, in relevant part, that the Calderons lacked standing and were otherwise not entitled to relief on the merits of their claim.  The district court granted U.S. Bank's motion for summary judgment and dismissed the complaint for lack of standing.  The district court explained that, once Oscar Calderon filed Chapter 7 bankruptcy, his recission claim, of which he was aware prior to filing bankruptcy, became—and remained—part of the bankruptcy estate.  Therefore, only the bankruptcy trustee had standing to bring the claim.  Accordingly, the district court dismissed the complaint.  This appeal followed.

## II.    Discussion

The Calderons argue that the district court erred in concluding that the recission was the property of the bankruptcy estate because the recission was complete and effective upon receipt of the recission notices by the defendants, which occurred prior to the filing of the bankruptcy petition, and, therefore, it was not an asset, claim, or cause of action for purposes of the bankruptcy estate.  We

disagree.[1]

The Bankruptcy Code provides that virtually all of a debtor's assets and legal and equitable interests in property "as of the commencement" of the bankruptcy case vest in the bankruptcy estate upon the filing of the petition. *See* 11 U.S.C. § 541(a)(1); *see also In re Witko*, 374 F.3d 1040, 1042 (11th Cir. 2004) ("The commencement of a voluntary bankruptcy case creates an estate generally consisting of the legal or equitable interests of the debtor in property as of the commencement of the case." (quotation omitted)). Even if not disclosed by the debtor during the bankruptcy proceeding, the property of the bankruptcy estate includes causes of action and potential causes of action belonging to the debtor at the commencement of the bankruptcy case. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *see also Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (explaining that a debtor has a duty to "disclose all assets, or potential assets, to the bankruptcy court"); *In re Alvarez*, 224 F.3d 1274, 1276–79 (11th Cir. 2000) (holding that, under both state and federal law, the debtor's legal malpractice claim was "sufficiently rooted in his pre-bankruptcy past" that it was properly considered property of the bankruptcy estate even though

---

[1] "We review standing determinations *de novo*." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

debtor had not yet brought a cause of action against his counsel at the time of the filing of the petition).

The bankruptcy trustee "is the only party with standing to prosecute causes of action belonging to the estate." *Parker*, 365 F.3d at 1272. Even after the close of a bankruptcy case, property of the bankruptcy estate remains in the estate unless abandoned back to the debtor under 11 U.S.C. § 554. *Id.*

Although the Calderons had yet to file any formal recission-related cause of action at the time of the filing of the bankruptcy petition, they had sent a notice demanding recission to the defendants. Thus, the Calderons' recission claim is a pre-petition claim that became a part of the bankruptcy estate upon the filing of the Chapter 7 petition. *Parker*, 365 F.3d at 1272; *In re Alvarez*, 224 F.3d at 1279. Because there is no evidence that the trustee ever abandoned this pre-petition recission claim, the Calderons lacked standing to bring this action. *Parker*, 365 F.3d at 1272. Accordingly, we affirm the district court's entry of summary judgment on this basis.[2]

**AFFIRMED.**

---

[2] In light of our standing determination, we do not reach the other arguments that the Calderons raise in their brief which go to the merits of their claim.