[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11540
Non-Argument Calendar
_____

D.C. Docket Nos. 3:14-cv-00956-WKW,
3:14-cv-00968-WKW-SRW

JONATHAN D. OSWALT,

Plaintiff-Appellant,

versus

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

Defendant-Appellee.
_____

D.C. Docket No. 3:14-cv-00968-WKW

JONATHAN D. OSWALT,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 9, 2015)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jonathan Oswalt, proceeding pro se, appeals the district court's dismissal of his employment discrimination claims against BellSouth Telecommunications, LLC ("BellSouth") and Sedgwick Claims Management Services, Inc. ("Sedgwick"). The district court dismissed Oswalt's employment discrimination claim because, after he filed a Chapter 7 bankruptcy petition, the bankruptcy trustee was the only person with standing to prosecute Oswalt's claims. On appeal, Oswalt argues that he regained prudential standing when he re-opened his bankruptcy case to properly list his lawsuit against BellSouth and Sedgwick. After careful review, we affirm.

Standing "is a jurisdictional prerequisite to suit in federal court." Alabama v. United States Envtl. Protection Agency, 871 F.2d 1548, 1554 (11th Cir. 1989). We review standing determinations de novo. Tanner Advert. Group, L.L.C. v. Fayette County, 451 F.3d 777, 784 (11th Cir. 2006). Pro se appellants are afforded a liberal construction of their pleadings. Tannenbaum v. United States, 148 F.3d

2

1262, 1263 (11th Cir. 1998).  However, issues not raised by pro se appellants in their pleadings are considered abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

The start of a bankruptcy case creates an estate made up of nearly all of the debtor's assets.  11 U.S.C. § 541(a)(1).  According to the Bankruptcy Code, the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  Id.  Causes of action belonging to a debtor at the initiation of bankruptcy become part of the bankruptcy estate.  Parker v. Wendy's Int'l., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004); Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir. 2003).  After the cause of action becomes part of the bankruptcy estate, the trustee, as the representative of the estate, becomes the only party with standing to bring that cause of action.  Parker, 365 F.3d at 1272; Barger, 348 F.3d at 1292-93.  The rights of the debtor to the cause of action are therefore eliminated, unless the trustee abandons the property in accordance with 11 U.S.C. § 554.  Parker, 365 F.3d at 1272.  When property is not administered and not abandoned according to § 554, then it remains in the estate unless it falls under § 521(a)(2).  11 U.S.C. §§ 554(c)-(d); see also 11 U.S.C. § 521(a)(1).  However, when a debtor does not list their interest in a cause of action on the bankruptcy schedule, the cause of action remains in the bankruptcy estate after the estate is discharged.  Parker, 365 F.3d at 1272.

In this case, Oswalt's claims against BellSouth and Sedgwick became a part of Oswalt's bankruptcy estate when he filed for Chapter 7 bankruptcy. See id. Once the claim became part of the bankruptcy estate, the trustee became the sole person with standing to bring the claim. See id.; Barger, 348 F.3d at 1292-93. Since the trustee never abandoned the cause of action, and Oswalt failed to properly disclose the cause of action to the bankruptcy court, the cause of action is still property of the bankruptcy estate and the trustee is the only party with standing to bring the cause of action. See Parker, 365 F.3d at 1272. Oswalt's petition to re-open his bankruptcy case and amend his list of assets to properly include the lawsuit, in and of itself, does not remedy Oswalt's lack of standing. A trustee, should the bankruptcy court appoint one, would have standing and would have the right to sue Sedgwick and BellSouth, but Oswalt does not. See Barger, 365 F.3d at 1292-93. Further, any claim that Oswalt may have standing for his equitable relief claims -- separate from his standing for his rest of his claims -- was abandoned when Oswalt failed to raise it in his appellate brief. See Barger, 348 F.3d 1297; Timson, 518 F.3d at 874. Accordingly, we affirm.

**AFFIRMED**.