[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11817

Non-Argument Calendar

_____

In Re: EVA-DJINA GRANT-CARMACK,

Debtor,

_____

EVA CARMACK,
a.k.a. Eva-Dijna Grant,
a.k.a Eva-Djina Grant-Carmack,

Plaintiff-Appellant,

*versus*

GARY CARMACK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00731-RBD,
Bkcy No. 6:20-bk-02408-GER

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Eva-Djina Grant-Carmack, proceeding *pro se*, sought sanctions in her bankruptcy case against her ex-husband, Gary Carmack. The bankruptcy court refused to sanction Gary. Eva then appealed to the district court, which affirmed. Eva now appeals the district court's decision. After careful consideration, we affirm.

**I.**

In Eva and Gary's divorce proceedings, a Florida state court issued a "Final Judgment of Dissolution of Marriage." The judgment addressed, among other things, the terms of Eva and Gary's shared custody of their children. In post-judgment proceedings, the state court found that Eva failed to honor the judgment's shared custody arrangement and held her in indirect civil contempt of court. The court awarded Gary additional time with the children as well as $15,350.10 for the attorney's fees he incurred as a result of Eva's contempt of court. Eva appealed the order awarding Gary attorney's fees.

In April 2020, a few months after the state court awarded Gary attorney's fees and while Eva's appeal of that order was pending, Eva filed a petition for Chapter 7 bankruptcy. On the schedules filed with her petition, Eva listed Gary as a creditor who had an unsecured claim for $15,350.10 but noted that she had appealed the fee award. In August 2020, the bankruptcy court granted Eva a discharge and closed her bankruptcy case.

In April 2020, Gary filed his own petition for Chapter 7 bankruptcy. On the schedules filed with his petition, Gary listed his assets but did not include the debt that Eva owed him for attorney's fees. At the meeting with his creditors, he disclosed Eva's debt. He explained that he had not listed it on his bankruptcy schedules because the award was on appeal and it was unclear whether Eva would be able to pay it. In July 2020, the bankruptcy court granted Gary a discharge.

In April 2021, a Florida appellate court affirmed the state court's order awarding Gary attorney's fees. *See Carmack v. Carmack*, 316 So. 3d 396, 398 (Fla. Dist. Ct. App. 2021). After this decision issued, Gary tried to collect the attorney's fee award from Eva. She refused to pay. Gary then filed a motion in state court to hold Eva in contempt for failing to pay the fee award.

Eva, proceeding *pro se*, removed the state court case to bankruptcy court as an adversary proceeding in Gary's bankruptcy case. Eva then filed a motion to dismiss the adversary proceeding, arguing that Gary could not collect the debt for the attorney's fees award because it had been discharged in her bankruptcy. Gary

moved to remand the case to state court. The bankruptcy court granted Gary's motion, noting that the state court could determine whether Eva's debt had been discharged in her bankruptcy.

Eva also moved to reopen her bankruptcy case and filed a motion for sanctions against Gary.[1] We liberally construe these filings as raising three arguments why Gary should be sanctioned.

First, Eva argued that Gary violated the discharge injunction in her bankruptcy case when he tried to collect the attorney's fees award. She acknowledged that under the Bankruptcy Code a debt "for a domestic support obligation" or to a "former spouse . . . in connection with . . . a divorce decree" generally was not discharged in bankruptcy. *See* 11 U.S.C. § 523(a)(5), (15). But she took the position that the debt for the attorney's fees did not fall within either of these exceptions and thus had been discharged. She asserted that Gary should be sanctioned for violating the discharge injunction.

Second, Eva argued that Gary should be sanctioned for violating the automatic stay in her bankruptcy case. According to Eva, Gary violated the stay because he failed to notify the state appellate court about her bankruptcy.

Third, Eva argued that even if her debt for attorney's fees had not been discharged in her bankruptcy, Gary should be sanctioned because he no longer had a right to collect the debt. Because

---

[1] In addition, Eva filed an adversary proceeding against Gary in her bankruptcy case seeking a declaration that the debt she owed for the attorney's fees had been discharged in her bankruptcy.

Gary failed to disclose the debt for attorney's fees on his bankruptcy schedules, Eva argued, he surrendered the claim to his bankruptcy estate and had "no standing . . . to pursue the claim." Doc. 4-8 at 3.[2]

The bankruptcy court reopened Eva's bankruptcy case for the limited purpose of resolving her motion for sanctions. It ultimately denied that motion.

The bankruptcy court considered Eva's argument that Gary should be sanctioned for violating the discharge injunction. It explained that he could be held in civil contempt for violating a discharge injunction only if (1) he attempted to collect a discharged debt, and (2) there was "no fair ground of doubt as to whether the [discharge] order barred [his] conduct." Doc. 4-17 at 5 (emphasis omitted) (internal quotation marks omitted). The bankruptcy court did not address whether Eva's debt for the attorney's fees had been discharged in her bankruptcy. Instead, it refused to sanction Gary because, even assuming the debt had been discharged, he had an "objectively reasonable basis for concluding that his conduct might be lawful under the discharge order." *Id.* at 6 (alteration adopted) (internal quotation marks omitted). The court explained that it was "arguable" that Eva's debt was not discharged under the Bankruptcy Code because it was either a domestic support obligation or incurred in the course of a divorce. *Id.* at 7 (citing 11 U.S.C. § 523(a)(5), (15)).

---

[2] "Doc." numbers refer to the district court's docket entries.

The bankruptcy court also rejected Eva's argument that Gary should be sanctioned for violating the automatic stay in her bankruptcy. It explained that the "automatic stay was terminated upon the entry of [Eva's] discharge." *Id.* Because Gary attempted to collect the attorney's fees only after the entry of the discharge in Eva's bankruptcy case, the bankruptcy court concluded that he had not violated the stay. In denying the motion for sanctions, the bankruptcy court did not expressly address Eva's argument that Gary lacked "standing" to collect the debt for the attorney's fees after failing to disclose it in his bankruptcy case.

Eva moved for reconsideration of the order denying her motion for sanctions. The bankruptcy court denied that motion, too.

Eva then appealed to the district court, which affirmed the bankruptcy court. It began by addressing Eva's argument seeking sanctions based on Gary's purported violation of the discharge injunction entered in her bankruptcy. Because Gary had "an objectively reasonable basis for believing that the fee award" had not been discharged, the district court concluded that the bankruptcy court did not err in denying the motion for sanctions. Doc. 21 at 4. The district court noted that it was not deciding the question of whether this debt had actually been discharged, saying that the state court had "concurrent jurisdiction" to address that issue. *Id.*

The district court also considered Eva's argument that Gary had violated the automatic stay in her bankruptcy when he tried to collect the fee award. The district court agreed with the bankruptcy

23-11817                Opinion of the Court                7

court that there was no violation because the stay had automatically terminated by the time Gary tried to collect.

The district court also rejected Eva's argument that Gary should be sanctioned because he lacked "standing" to collect the debt. The district court quickly disposed of this argument, saying that the standing question "was not germane to the bankruptcy court's disposition of the motion for sanctions." *Id.* at 5. After the district court issued its decision, Eva filed a motion for reconsideration, which the district court denied.

Eva now appeals the district court's decision affirming the bankruptcy court.[3]

## II.

In bankruptcy cases, we "sit[] as a second court of review and thus examine[] independently the factual and legal determinations of the bankruptcy court and employ[] the same standards of review as the district court." *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1315 (11th Cir. 2016) (internal quotation marks omitted). When the district court, sitting as an appellate court, affirms a bankruptcy court's order, we "review the bankruptcy court's decision." *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1189 (11th Cir. 2015). In doing so, "[w]e review the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *Id.*

---

[3] Gary did not file a brief in this appeal. "When an appellee fails to file a brief by the due date . . . the appeal will be submitted to the court for decision without further delay." 11th Cir. R. 42-2(f).

We review a bankruptcy court's denial of a motion for sanctions for abuse of discretion. *In re Roth*, 935 F.3d 1270, 1274 (11th Cir. 2019). Under this standard, we must affirm unless the bankruptcy court "made a clear error of judgment[] or has applied the wrong legal standard." *Ocean Warrior*, 835 F.3d at 1315 (internal quotation marks omitted).

We liberally construe the pleadings of a *pro se* litigant. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## III.

On appeal, Eva challenges the bankruptcy court's denial of her motion for sanctions. We liberally construe Eva's filings as raising three arguments about why Gary should have been sanctioned: (1) he violated the discharge injunction in her bankruptcy case; (2) he violated the automatic stay in her bankruptcy case; and (3) he could not collect the attorney's fee award after he failed to disclose the debt in the schedules to his bankruptcy petition. We consider each argument in turn.

We begin with Eva's argument that Gary violated the discharge injunction in her bankruptcy case. A discharge in a Chapter 7 case generally releases a debtor from personal liability for prepetition debts. *See* 11 U.S.C. § 727(b). When a debt is discharged, the discharge order generally "operates as an injunction against the commencement or continuation of . . . an act[] to collect . . . any such debt as a personal liability of the debtor." *Id.* § 524(a)(2). The discharge injunction plays an "important role in achieving the Bankruptcy Code's overall policy aim of giving a debtor a fresh

start." *In re McLean*, 794 F.3d 1313, 1321 (11th Cir. 2015) (internal quotation marks omitted).

To ensure that a debtor receives a fresh start, a bankruptcy court may "impose civil contempt sanctions" on a creditor who "attempt[s] to collect a discharged debt when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Roth*, 935 F.3d at 1275 (alteration adopted) (internal quotation marks omitted). We have explained that to sanction a creditor for violating a discharge injunction, the bankruptcy court must find that (1) the creditor attempted to collect a discharged debt and (2) "there was no fair ground of doubt as to whether the discharge order barred" the creditor's conduct. *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, 941 F.3d 1031, 1041 n.6 (11th Cir. 2019) (internal quotation marks omitted).

The bankruptcy court did not abuse its discretion when it declined to sanction Gary because there was a fair ground of doubt as to whether the discharge injunction in Eva's bankruptcy case barred him from collecting the debt. Although a discharge releases a debtor from personal liability for many pre-petition debts, the Bankruptcy Code provides that certain types of debts are not dischargeable in bankruptcy. *See* 11 U.S.C. § 727(b). The types of debts that are not dischargeable include any debt for "a domestic support obligation" or a debt to a "former spouse . . . that is incurred by the debtor in the course of a divorce . . . or in connection with a . . . divorce decree." *Id.* § 523(a)(5), (15).

Here, Gary had an objectively reasonable basis to believe that he could collect the debt because it was non-dischargeable under § 523(a)(15). After all, Eva owed the debt to Gary, a former spouse. And the debt was arguably "in connection with . . . a divorce decree" because the state court awarded Gary attorney's fees he incurred as a result of Eva's violation of the terms of the divorce decree. *See id.* § 523(a)(15). Although this Court has not addressed whether such a debt falls within the exception for discharge set forth at § 523(a)(15), other courts have addressed the question and concluded that this type of debt is not dischargeable. *See, e.g.*, *In re Rackley*, 502 B.R. 615, 625–26 (N.D. Ga. Bankr. 2013); *In re Schenkein*, No. 09-14658, 2010 WL 3219464, at *5 (S.D.N.Y. Bankr. Aug. 9, 2010). Given the plain language of § 523(a)(15) as well as the case law interpreting this provision, Gary had at least a fair ground of doubt as to whether Eva's discharge injunction barred him from attempting to collect the attorney's fee award. *See Sellers*, 941 F.3d at 1041 n.6.

To be clear, we do not decide today whether Eva's debt for the attorney's fees award was in fact discharged in her bankruptcy. We need not decide this issue because even assuming that the debt was discharged, Gary could not be sanctioned because he had a reasonable basis for believing that he could lawfully attempt to collect it.[4] *See id.*

---

[4] In denying Eva's motion for sanctions, the bankruptcy court concluded that the state court could resolve the question of whether Eva's debt had been discharged. Eva disagrees, arguing that the bankruptcy court alone may

We next consider Eva's argument that the bankruptcy court abused its discretion by failing to sanction Gary for violating the automatic stay in her bankruptcy. The filing of a bankruptcy petition automatically stays all efforts outside of bankruptcy to collect debts from a debtor who is under the protection of the bankruptcy court. *See* 11 U.S.C. § 362(a)(6). When a Chapter 7 debtor receives a discharge, the automatic stay is terminated. *Id.* § 362(c)(2)(C).

Eva argues that Gary violated the automatic stay when, after she filed bankruptcy, he "persisted" in the appeal in state court in which she challenged the fee award. Appellant's Br. 28. Notably, Eva does not dispute that once the bankruptcy court entered the discharge order in August 2020 in her bankruptcy case, the automatic stay dissolved. Even if it's true that the automatic stay barred the parties from litigating Eva's appeal of the contempt award during the relatively short period between when she filed her bankruptcy petition and received her Chapter 7 discharge, we cannot say that the bankruptcy court abused its considerable discretion when it declined to sanction Gary for this violation, particularly because it appears that **both** Gary and Eva violated the automatic stay by litigating Eva's appeal of the contempt order. *See Harris v.*

---

determine whether the debt was discharged. We agree with the bankruptcy court. Although the question of whether a particular debt can be discharged in bankruptcy is a question of federal law, *see Grogan v. Garner*, 498 U.S. 279, 284 (1991), state courts generally may decide the issue, *see Taggart v. Lorenzen*, 139 S. Ct. 1795, 1803 (2019); *see also Cummings v. Cummings*, 244 F.3d 1263, 1267 (11th Cir. 2001) (recognizing that state courts generally have concurrent jurisdiction to determine whether a debt was non-dischargeable under § 523(a)).

*Chapman*, 97 F.3d 499, 506 (11th Cir. 1996) (discussing "wide discretion" afforded a judge when deciding whether a party's conduct merits imposition of sanctions).

We conclude with Eva's argument that the bankruptcy court abused its discretion by failing to sanction Gary for attempting to collect a debt that he did not list as an asset on his bankruptcy schedules. She says that when Gary petitioned for bankruptcy under Chapter 7, he forfeited all his prepetition assets, including Eva's debt, to his bankruptcy estate. Because Gary failed to list the debt as an asset in his bankruptcy schedules, she asserts, the debt remained in Gary's bankruptcy estate, and the Chapter 7 trustee alone is the real party in interest who may try to collect the debt. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

Even assuming that Eva is correct the debt belongs to Gary's bankruptcy estate and can be collected only by the Chapter 7 trustee, we again cannot say that the bankruptcy court abused its "wide discretion" when it declined to sanction Gary for this conduct. *Harris*, 97 F.3d at 506.[5]

---

[5] When discussing that a Chapter 7 trustee is the real party in interest who may sue to collect a debt a debtor failed to disclose in his bankruptcy schedules, we have sometimes stated that the trustee is the person with "standing" to collect the debt. *See Parker*, 365 F.3d at 1272. Focusing on our use of the word "standing," Eva argues at length that Gary's attempt to collect a debt that belonged to his bankruptcy estate implicates subject matter jurisdiction. But in stating that a trustee has "standing" to collect a debt, we were not addressing the constitutional requirement that a plaintiff must have Article III standing to pursue a claim. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Instead, we were referring to what has sometimes been called

## IV.

For the above reasons, we affirm the district court.

**AFFIRMED**.

---

"statutory standing" or "prudential standing," the question of who has a "cause of action under [a] statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014). To be clear, Eva's argument that Gary could not collect the debt because he failed to disclose it in his bankruptcy does not implicate subject matter jurisdiction. *See id.* at 128; *Highland Consulting Grp. v. Minjares*, 74 F.4th 1352, 1359 (11th Cir. 2023).